JAMES CHRISTOPHER DeANGELO, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 637, 2007.
Supreme Court of Delaware.
Submitted: July 11, 2008.
Decided: October 7, 2008.
Before BERGER, JACOBS, and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 7th day of October 2008, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:
(1) The appellant, James Christopher DeAngelo, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. DeAngelo's postconviction motion alleged numerous claims of ineffective assistance of counsel and other due process violations. We find no merit to DeAngelo's appeal. Accordingly, we affirm the denial of postconviction relief.
(2) The record reflects that a Superior Court jury convicted Deangelo in 2000 of second degree murder and possession of a deadly weapon during the commission of a felony. On direct appeal, this Court affirmed the conviction for second degree murder but reversed the weapon conviction because prosecution of the charge was barred by the applicable statute of limitations.[1] We remanded the matter to the Superior Court for resentencing on the murder conviction. On remand, the Superior Court sentenced Deangelo to 20 years at Level V incarceration on the second degree murder conviction.[2] DeAngelo appealed his resentencing. We rejected the appeal because the only issues raised by DeAngelo related to alleged trial errors and not his resentencing.[3] We held that the issues raised could only be pursued through a postconviction petition.
(3) DeAngelo filed his first motion for postconviction relief on June 13, 2006. The Superior Court denied the motion, holding that DeAngelo's claims of ineffective assistance of counsel lacked support in the record. The trial court also found that DeAngelo's claims related to the prosecution of the weapon charge were all procedurally barred by Rule 61(i)(3) because DeAngelo had failed to raise the claims on direct appeal. Finally, the Superior Court rejected DeAngelo's claims that the trial judge should have recused himself because, the judge concluded, he had no subjective bias toward DeAngelo and because there was no objective reason to question the judge's impartiality.
(4) After careful consideration of the parties' arguments on appeal, we find it manifest that the judgment below should be affirmed on the basis, and for the reasons set forth in, the Superior Court's well-reasoned decision dated August 31, 2007. The Superior Court did not err in finding that DeAngelo's allegations of ineffective assistance of counsel during his 2000 criminal trial lacked any support in the record and that his due process claims related to the prosecution of a weapon charge were procedurally barred. Moreover, we agree with the Superior Court's conclusion that there was no objective basis for a reasonable person to question the trial judge's impartiality in DeAngelo's case.[4]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] DeAngelo v. State, 2002 WL 714294 (Del. Apr. 22, 2002).
[2] The Superior Court had sentenced Deangelo following trial to 15 years on each of his original convictions.
[3] DeAngelo v. State, 2003 WL 21321719 (Del. May 27, 2003).
[4] See Los v. Los, 595 A.2d 381, 384-85 (Del. 1991).