**Simon G. LOS, Petitioner Below, Appellant,**

v.

**Catherine L. LOS, Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 29, 1991.
Decided: May 8, 1991.

Simon G. Los, pro se.

Barbara D. Crowell, Morris, James, Hitchens & Williams, Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

WALSH, Justice:

This is an appeal from a decision of the Family Court which denied a motion seeking recusal of the trial judge. The appel-

lant, Simon G. Los, sought disqualification of the trial judge on the ground that Los had named the judge as a party defendant in federal litigation attacking the jurisdiction of the Family Court. The Family Court ruled that the federal litigation did not require automatic recusal and since the judge perceived no other basis for disqualification declined to recuse himself. We affirm that result as a proper exercise of discretion.

I

The facts underlying the issue of judicial disqualification are not in dispute. The parties have been engaged in extended and acrimonious litigation in the Family Court for more than two years over issues of child custody, visitation, child support and property division.[1] The most recent phase of the litigation resulted from the petition of Simon G. Los ("Father") for review of a child support order entered by a Family Court master. In accordance with the rules of the Family Court, the matter was scheduled for review *de novo* before the Honorable Jay Conner, a Family Court judge. Judge Conner had presided over previous aspects of this ongoing domestic relations litigation.

Two weeks prior to the scheduled hearing, Father filed a suit in the United States District Court for the District of Delaware naming as defendants, Catherine L. Los ("Mother"), Judge Conner, mother's counsel, as a representative of the Delaware State Bar Association, and the Attorney General of the State of Delaware. The federal action sought a declaration that Family Court Civil Rule 26, which requires court approval before initiating discovery, was unconstitutional. The Father also sought to invalidate the Delaware Child Support Formula (the "Melson Formula"). Although his complaint sought "actual and punitive" damages, Father made no claims

concerning the conduct of either Judge Conner or the Attorney General apart from the discharge of their official duties in implementing court rules or State law.

■ At the beginning of the *de novo* hearing before Judge Conner, Father presented a written "MOTION TO RECUSE" which recited the filing of the federal suit, the naming of Judge Conner as a defendant in that action and alleged that "such circumstances create an insurmountable conflict of interest between petitioner and [Judge] Conner." The motion sought recusal under the Delaware Judges Code of Judicial Conduct. The father also claimed that Judge Conner was biased against him but presented no specific basis for his claim. After ascertaining that Father had no specific basis for his recusal motion apart from the filing of the federal action, Judge Conner refused to disqualify himself from further proceedings. In an oral ruling implemented in a later written disposition, Judge Conner noted that he "bears no ill-will or harbors any animosity toward Mr. Los" and the mere filing of the federal litigation did not establish prejudice. Since Father refused to participate in the hearing following the denial of his motion for recusal, Judge Conner dismissed Father's petition for review *de novo* and this appeal followed.[2]

II

■ The requirement that judges be impartial is a fundamental principle of the administration of justice. To that end, rules of disqualification have evolved to ensure that no judge shall preside in a case in which he is not disinterested and impartial. As a matter of due process, a litigant is entitled to neutrality on the part of the presiding judge but the standards governing disqualification also require the appearance of impartiality. *See Ungar v.*

---

1. This is the third appeal to this Court pursued, *pro se,* by the appellant.

2. A ruling by a trial court on a motion for disqualification would generally be deemed interlocutory and not subject to review without compliance with the provisions of Supreme

Court Rule 42. *Miller v. Suburban Propane Gas Corp.,* Del.Supr., 565 A.2d 913, 914 (1989). The ruling denying recusal, although interlocutory, became final in this case when the Family Court dismissed Father's petition because of his refusal to participate in the hearing.

*Sarafite,* 376 U.S. 575, 588, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964).

The two-fold considerations of due process and the policy of the appearance of impartiality have been codified in the Delaware Code of Judicial Conduct (the "Code"). *Weber v. State,* Del.Supr., 547 A.2d 948, 951–52 (1988). Canon 3 C(1) of the Code provides:

C. Disqualification.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) He served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(c) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(d) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding or the lawyer is affiliated with a law firm with which a lawyer relative of the judge is affiliated;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

*(iv) Is* to the judge's knowledge likely to be a material witness in the proceedings;

■ As a general rule, where the grounds which will operate to disqualify a judge are expressly and comprehensively set forth by statute or rule such provisions are deemed to be exclusive. 48A C.J.S. *Judges* § 107 (1981). However, the "not limited to" language of Canon 3C suggests that the Delaware rule is inclusive *i.e.,* the designated instances prompting disqualification do not exhaust all situations in which a judge's impartiality might be questioned. The Canon does provide certain *per se* or bright-line standards for mandatory disqualification where the bias of the judge would be unquestionable. Thus, where a near relative is a litigant the judge's subjective belief in his ability to be impartial is irrelevant. Canon 3 C(1)(d)(i); *In re Rowe,* Del.Ct.Jud., 566 A.2d 1001 (1989). Similarly, where the judge has a financial or other interest that could be "substantially affected by the outcome of the proceeding" disqualification is required. Canon 3 C(1)(c).

■ Where the basis for the alleged disqualification is a claim, under Canon 3 C(1), that the judge "has a personal bias or prejudice concerning a party," no *per se* or automatic disqualification is required. Previous contact between the judge and a party, in the same or a different judicial proceeding, does not require automatic disqualification. *Steigler v. State,* Del.Supr., 277 A.2d 662, 668 (1971); *Weber v. State,* 547 A.2d at 952. To be disqualified the alleged bias or prejudice of the judge "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). Of course, if a judge were named as an original party in the proceedings before him, he would be required to recuse himself automatically in compliance with Canon 3 C(1)(d)(i).

■ When faced with a claim of personal bias or prejudice under Canon 3 C(1) the judge is required to engage in a two-part analysis. First, he must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or

prejudice concerning that party. Second, even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality. *State v. Walberg*, 109 Wis.2d 96, 325 N.W.2d 687, 692 (1982). On appeal of the judge's recusal decision, the reviewing court must be satisfied that the trial judge engaged in the subjective test and will review the merits of the objective test. *Id.* 325 N.W.2d at 692. The standard for such review, however, is abuse of discretion. *Weber v. State*, 547 A.2d at 952.

█ Here, Judge Conner was faced with a two-fold claim of bias. Father asserted a general claim of bias because of Judge Conner's previous participation in other phases of the same litigation. No specific instances of such bias were alleged and Judge Conner disclaimed any feeling of bias attributable to any prior proceeding. Since this Court has ruled that a judge is not required to disqualify himself because of adverse rulings in the same or prior proceedings, we find no basis to disturb this discretionary ruling. *Steigler v. State*, 277 A.2d at 668; *Weber v. State*, 547 A.2d at 952.

█ With respect to Father's claim of disqualification by reason of his federal suit against Judge Conner and the Attorney General, Judge Conner noted that the litigation dealt with discovery and the use of the Melson Formula and that he "bears no ill-will or harbors any animosity toward Mr. Los." *Los v. Los*, Del.Fam. No. CN89-6844, Conner J. (Aug. 3, 1990) (ORDER). He, thereupon, denied the motion for recusal. We find no basis to disturb this discretionary ruling.

█ The mere fact that a judge is an adverse party in another proceeding will not, by itself, result in automatic disqualification. *In re Disqualification of Hunter*, 36 Ohio St.3d 607, 522 N.E.2d 461 (1988). Where the related action is a federal suit which seeks to enjoin the judge or question his authority, the judge is not required to recuse himself and that decision "will ordinarily be affirmed on appeal unless the record established bias or prejudice as a matter of law." *State v. Thomas*, 236 Neb. 84, 459 N.W.2d 204, 210 (1990); *see also Callahan v. Missouri*, Mo.App., 712

S.W.2d 25 (1986) (mere fact that judge was named in a separate civil suit in federal court did not require disqualification for cause); *but see People v. Lowenstein*, 118 Mich.App. 475, 325 N.W.2d 462 (1982) (suggesting a judge's obligation to recuse himself arises when suit is brought against him prior to the filing of the proceedings before him).

█ While we find no abuse of discretion in the refusal to recuse in this case, we note that there is a compelling policy reason for a judge not to disqualify himself at the behest of a party who initiates litigation against a judge. In the absence of genuine bias, a litigant should not be permitted to "judge shop" through the disqualification process. The orderly administration of justice would be severely hampered by permitting a party to obtain disqualification of a judge through the expedient of filing suit against him. *Smith v. Smith*, 115 Ariz. 299, 564 P.2d 1266 (1977).

The refusal of Judge Conner to recuse himself in this case is supported by his subjective belief that he could be impartial and there was no requirement that he disqualify himself where he was sued in his judicial capacity in an action instituted during the course of the proceedings before him. We find no abuse of discretion and accordingly AFFIRM.