ANDREW GUDZELAK, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 288, 2009
Supreme Court of Delaware
Submitted: June 1, 2009
Decided: September 1, 2009
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice
This 1st day of September 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm, it appears to the Court that:
(1) The appellant, Andrew Gudzelak, filed this appeal from the Superior Court's denials of his second motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The State has filed a motion to affirm the Superior Court's judgments on the basis that it is manifest on the face of Gudzelak's opening brief that this appeal is without merit.[1] We agree and affirm.
(2) On September 14, 2005, Gudzelak pled guilty before a Superior Court judge to one count of Rape in the Fourth Degree. On November 18, 2005, Gudzelak was sentenced by a different Superior Court judge to five years at Level V incarceration suspended after two years for three years of decreasing levels of supervision. Gudzelak did not appeal his guilty plea or sentence.
(3) Gudzelak filed his first motion for postconviction relief in July 2006. Gudzelak raised the following four claims: (1) conflict of interest by sentencing judge; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; and (4) actual innocence. Pursuant to a brief scheduled established by the Superior Court, Gudzelak's former defense counsel filed an affidavit (and supplemental affidavit) in response to Gudzelak's allegations of ineffectiveness, and Gudzelak filed a reply. The State also filed a response to the motion.
(4) By decision dated January 31, 2007, the Superior Court judge who had presided over Gudzelak's September 14, 2005 guilty plea colloquy, considered the claims concerning prosecutorial misconduct, ineffective assistance of counsel, and actual innocence, and denied those claims on the merits. That judge then referred the motion to Gudzelak's sentencing judge for consideration of the conflict of interest claim.
(5) By decision dated March 6, 2007, the sentencing judge denied the conflict of interest claim after performing the requisite analysis to determine whether her disqualification was appropriate.[2] Gudzelak did not appeal from the January 31, 2007 and March 6, 2007 decisions denying his first motion for postconviction relief.
(6) Gudzelak filed his second motion for postconviction relief in January 2009. Gudzelak raised the following three claims: (1) involuntary plea; (2) sentencing judge should have recused herself; and (3) prosecutorial misconduct.
(7) By order dated March 30, 2009, the Superior Court judge who accepted Gudzelak's guilty plea, considered the claims concerning involuntary plea and prosecutorial misconduct under the procedural bars of Rule 61(i)[3] as required[4] and denied those claims as untimely,[5] and as formerly adjudicated.[6] That judge then referred the motion to Gudzelak's sentencing judge for consideration of the recusal claim.
(8) The sentencing judge referred Gudzelak's recusal claim to a Superior Court commissioner for a report and recommendation. By report and recommendation dated April 2, 2009, the commissioner applied the procedural bars of Rule 61(i) and recommended that the sentencing judge deny the recusal claim as untimely, repetitive,[7] procedurally defaulted,[8] and as formerly adjudicated. By order dated April 21, 2009, the sentencing judge accepted the commissioner's report and denied the recusal claim for the reasons set forth in the report. This appeal followed.
(9) Having carefully considered the parties' positions on appeal and the Superior Court record, the Court concludes that this appeal should be affirmed on the basis of the Superior Court's decisions of March 30, 2009 and April 21, 2009. In the absence of a colorable claim of a manifest injustice because of a constitutional violation and any indication that consideration of Gudzelak's claims is warranted in the interest of justice, the Superior Court did not err in its dual denials of Gudzelak's motion for postconviction relief as procedurally barred.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgments of the Superior Court are AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] See Los v. Los, 595 A.2d 381 (Del. 1991) (establishing two-part analysis to determine judicial impartiality).
[3] See Del. Super. Ct. Crim. R. 61(i) (listing procedural bars to postconviction relief).
[4] See Bailey v. State, 588 A.2d 1121, 1127 (Del. 1991) (providing that "[t]he first inquiry in any analysis of a postconviction relief claim is whether the petition meets the procedural requirements of Rule 61").
[5] See Del. Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than one year after judgment is final or after newly recognized retroactively applicable right). In this case, Gudzelak's conviction became on December 19, 2005, upon the expiration of his appeal period thirty days after sentencing. Del. Super. Ct. Crim. R. 61(m)(1).
[6] See Del. Super. Ct. Crim. R. 61(i)(4) (providing that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.").
[7] See Del. Super. Ct. Crim. R. 61(i)(2) (providing that "[a]ny ground for relief that was not asserted in a prior postconviction proceeding . . . is thereafter barred unless consideration of the claim is warranted in the interest of justice.").
[8] See Del. Super. Ct. Crim. R. 61(i)(3) (providing that any ground for relief that was not previously asserted in the proceedings leading to the judgment of conviction is barred unless the movant demonstrates "[c]ause for relief from the procedural default" and "[p]rejudice from violation of the movant's rights").