**EFiled: Jun 29 2016 01:57PM EDT
Transaction ID 59209787
Case No. 11632-VCS**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS, III
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

June 29, 2016

*Via* File & Serve*Xpress*
 and First Class Mail

Mr. Weih Steve Chang
122 Pumpkin Patch Lane
Hockessin, DE 19707

Gary H. Kaplan, Esquire
Marshall Dennehey Warner
   Coleman & Goggin
1007 North Orange Street, Suite 600
Wilmington, DE 19801

Kevin S. Mann, Esquire
Cross & Simon, LLC
1105 North Market Street, Suite 901
Wilmington, DE 19801

Re:   *Chang v. Children's Advocacy Center of Delaware, Inc.*
      C.A. No. 11632-VCS
      Date Submitted: June 8, 2016

Dear Counsel and Mr. Chang:

I have reviewed the many motions and other filings made in this case. I am

aware that the parties are in the process of briefing a motion to dismiss. That work

should continue according to the schedule that was previously entered by the

Court. This letter addresses three motions recently filed by Plaintiff, Weih Steve

Chang: (1) Motion to Re-Open Jane Doe 30 vs. Earl B. Bradley (CA No. 10C-05-

023) By Granting Joinder of Persons/Parties ("Motion to Reopen"); (2) Motion to

Recuse; and (3) Motion to Stay.

### 1. Motion to Reopen

The nature and bases for this motion are difficult to discern. It appears that

Plaintiff seeks to add additional defendants to this lawsuit and thereby reopen a

class action against Earl B. Bradley, M.D. that was litigated and then settled in the

Superior Court of Delaware (the "Bradley litigation"). The new parties Plaintiff

seeks to add as defendants were either parties or lawyers involved in the Bradley

litigation. According to Plaintiff, the Bradley litigation settlement was procured by

fraud. For the reasons that follow, the motion must be denied.

While the motion is extremely difficult to follow, it appears that Plaintiff is

seeking to amend his complaint to add new parties and perhaps new claims. While

motions to amend are liberally granted in this Court, the Court will deny a motion

to amend on futility grounds when it is clear that the proposed amendment would

not survive a motion to dismiss.[1] Plaintiff's proposed amendments are futile for several reasons.

First, Plaintiff offers no basis upon which this Court could exercise its jurisdiction to "reopen" a case that has been litigated and settled in the Superior Court. I also am unaware of any ground upon which this Court could enter such an order. Moreover, it is not at all clear to me that Plaintiff has standing to seek to reopen the Bradley litigation in any event. He has made no allegation that he was a party to the Bradley litigation or that he or anyone he purports to represent was a member of the class that was certified in that litigation. Nor has he made an attempt to justify an order allowing him to intervene, pursuant to Court of Chancery Rule 24, in order to challenge the Bradley litigation settlement assuming, *arguendo*, that this Court had the authority to grant such relief (which it does not).[2]

---

[1] *FS Parallel Fund, LP v. Ergen*, 2004 WL 3048751, at *1 (Del. Ch. Nov. 3, 2004), *aff'd*, 879 A.2d 602 (Del. 2005) (TABLE).

[2] *See In re MCA, Inc. S'holders Litig.*, 774 A.2d 272, 276–78 (Del. Ch. 2000) (denying motion to intervene in order to challenge settlement approved by the court seven years prior to the attempted intervention).

Second, to the extent the proposed amendment is grounded in the Court's authority to provide relief from judgment under Court of Chancery Rule 60(b), Plaintiff has failed to set forth any basis upon which this Court could provide relief from a judgment entered by the Superior Court. Even if the Court could provide such relief, Plaintiff has failed to identify any evidence that would meet the "high Rule 60(b) standard," which requires "the most egregious conduct involving a corruption of the judicial process itself."[3] Plaintiff's "[s]inister suspicions and 'dark imaginings' [of "duplicitous" conduct] are not enough" to sustain this heavy burden.[4]

---

[3] *MCA, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 785 A.2d 625, 638 (Del. 2001) (quoting *In re MCA, Inc.*, 774 A.2d at 280) (internal quotation marks omitted). *See also id.* at 639 ("A party seeking to vacate an order on the ground that his or her opponent effectuated a fraud on the court bears a heavy burden.").

[4] *In re MCA, Inc.*, 774 A.2d at 280 (holding that to state a claim that a settlement should be set aside because of fraud on the court the plaintiff not only must plead the fraud with particularity under Court of Chancery Rule 9(b), but also must state a factual basis to support a reasonable inference that the approving court was somehow "duped" into blessing the settlement).

Based on the foregoing, Plaintiff's Motion to Reopen is DENIED. To the extent the Motion to Reopen seeks an order for leave to amend the complaint to name additional defendants related to the Bradley litigation, that motion is likewise DENIED.

## 2. Motion to Recuse

Plaintiff asserts that I must recuse myself from this case since I was the judge who presided over the Bradley litigation when I served on the Superior Court. He is correct that I presided over the Bradley litigation from its inception through its conclusion with a class action settlement that I approved. My role as presiding judge in that case, however, provides no basis for me to recuse myself from this case.

Under Delaware law, a judicial officer must recuse himself if there is "any reasonable basis to question [his] impartiality."[5]

> When faced with a claim of personal bias or prejudice … the judge is required to engage in a two-part analysis. First, he must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or prejudice concerning that party. Second, even if the judge believes he has no bias, situations may arise where, actual bias

---

[5] *Weber v. State*, 547 A.2d 948, 952 (Del. 1988).

aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality.[6]

Here, Plaintiff argues that I will likely be a witness in his effort to set aside the Bradley litigation settlement. As I have denied Plaintiff's Motion to Reopen, there is no reason for me to be involved in this case, or any other related case, as a witness. With this in mind, I have considered on a subjective level whether I can "proceed to hear [this case] free of bias or prejudice" and I am satisfied that I can.[7] Likewise, Plaintiff has provided no reasonable basis upon which I can conclude that there is or will be an "appearance of bias sufficient to cause doubt as to [my] impartiality."[8] My involvement as the presiding judge in the Bradley litigation cannot reasonably be viewed as a disqualifying event that would justify my recusal from this separate action.

---

[6] *Los v. Los*, 595 A.2d 381, 384–85 (Del. 1991).

[7] *Id.*

[8] *Id.* at 385.

In denying this motion to recuse, I am mindful of my "duty to sit."[9] "A trial judge has a duty to hear cases assigned to him unless some reasonable factual basis to doubt his impartiality or fairness is shown by some kind of probative evidence."[10] As this Court has correctly observed, "judges who too lightly recuse shirk their official responsibilities, imposing unreasonable demands on their colleagues to do their work and risking the untimely processing of cases."[11] Although my service on this Court has spanned all of three months, I have already come to appreciate that the Court's docket is crowded and its judges are, to put it mildly, very busy. While I have no particular desire to hear this matter, which involves disturbing allegations of child abuse, I would be "abrogating my responsibility"[12] if I forced one of my colleagues to take over this case based on

---

[9] *State v. Desmond*, 2011 WL 91984, at *8–9 (Del. Super. Ct. Jan. 5, 2011) (discussing at length the so-called "benign" version of the "duty to sit" and denying a motion to recuse).

[10] *In re Will of Stotlar*, 1985 WL 4782, at *2 (Del. Ch. Dec. 19, 1985) (denying motion to recuse).

[11] *Reeder v. Del. Dept. of Ins.*, 2006 WL 510067, at *17 (Del. Ch. Feb. 24, 2006).

[12] *Stotlar*, 1985 WL 4782, at *1.

Plaintiff's vague allegations and misguided attempt to reopen litigation that was resolved in another court years ago.

The Motion to Recuse is DENIED.

### 3. Motion to Stay

The Motion to Stay is based, in part, on the fact that the Motion to Recuse should be decided before this litigation proceeds. That motion has now been decided. Plaintiff also seeks a stay of this litigation so that he may "re-prioritize his focus on pending litigations in the district court" and "re-direct his time and other resources to his employment and his business obligations."[13] This Court's rules of procedure impose an obligation on parties who file cases in this Court to prosecute those cases.[14] Defendants who are brought before this Court have a right to expect that the plaintiff will prosecute the case against them "diligently" or face the consequence of dismissal.[15] While I appreciate that the costs and burdens of

---

[13] Mot. to Stay, Tr. ID 59116993.

[14] Ct. Ch. R. 41(a), (e).

[15] *Yancey v. Nat'l Trust Co., Ltd.*, 1993 WL 155492, at *16 (Del. Ch. May 7, 1993) (dismissing a case for plaintiff's failure to prosecute), *aff'd*, 633 A.2d 372 (Del. 1993) (TABLE).

litigation can, at times, be difficult to bear, particularly for *pro se* parties, Plaintiff has chosen to initiate this litigation and has failed to demonstrate any justifiable reason why the Court should allow him to park this case here indefinitely while he attends to matters elsewhere.

The Motion to Stay is DENIED.

Very truly yours,

*/s/ Joseph R. Slights, III*