# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

PAZUNIAK LAW OFFICE, LLC and
GEORGE PUZUNIAK,

        Plaintiffs,

        v.

PI-NET INTERNATIONAL, INC. and
LAKSHMI ARUNACHALAM,

        Defendants.

LAKSHMI ARUNACHALAM,

        Counterclaim Plaintiff
        and Third-Party Plaintiff,

        v.

PAZUNIAK LAW OFFICE LLC and
GEORGE PAZUNIAK,

        Counterclaim Defendants,

    and

O'KELLY AND ERNST, LLC

        Third-Party Defendant.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

C.A. No. N14C-12-259 EMD

Submitted: February 6, 2017
Decided: February 17, 2017

Upon Defendant and Counter Plaintiff Lakshmi-Arunachalam, Ph.D's Application for
Certification for Interlocutory Appeal under Rule 42 of this Court's Order of January 24, 2017
Denying Me Access to Justice and Motion to Recuse Judge Davis
***DENIED as to Motion to Recuse Judge Davis***

Lakshmi Arunachalam, Ph.D, Menlo Park, California, *Defendant Pro Se*.

George Pazuniak, Esquire, Pazuniak Law Office LLC, Wilmington, Delaware, *Attorney for
Plaintiffs Pazuniak Law Office, LLC and George Pazuniak*.

**DAVIS, J.**

INTRODUCTION

This is a civil action brought by Plaintiffs Pazuniak Law Office, LLC and George Pazuniak (collectively, "Pazuniak Law"). Pazuniak Law seeks declaratory relief as to certain funds held by Puzuniak Law. In addition, Pazuniak Law alleges that Defendants Pi-Net International, Inc. ("Pi-Net") and Lakshmi Arunachalam, Ph.D., are liable to Pazuniak Law on claims of common law libel and tortuous interference with prospective business opportunities. Dr. Arunachalam has filed an answer to Pazuniak Law's complaint and asserted counterclaims and third-party claims.

On or about February 6, 2017, Dr. Arunachalam filed her Defendant and Counter Plaintiff Lakshmi-Arunachalam, Ph.D's Application for Certification for Interlocutory Appeal under Rule 42 of this Court's Order of January 24, 2017 Denying Me Access to Justice and Motion to Recuse Judge Davis. This Opinion addresses Dr. Arunachalam's Motion to Recuse Judge Davis (the "Motion to Recuse"). Through the Motion to Recuse, Dr. Arunachalam seeks to have this Judge recused from this civil action, arguing that this Judge's actions in this civil action create an appearance of impropriety by "hindering" Dr. Arunachalam's access to justice.

On or about February 10, 2017, Pazuniak Law submitted their Opposition to Defendant Arunachalam's "Application for Certification for Interlocutory Appeal under Rule 42 of this Court's Order of January 24, 2017 Denying Me Access to Justice and Motion to Recuse Judge Davis" (the "Recusal Response"). As to the Motion to Recuse, Pazuniak Law argues that no facts support recusal. In addition, Pazuniak Law contends that the Court's actions are reasonable, measured, show faithfulness to the judicial process and do not demonstrate bias.

This is Dr. Arunachalam's second motion to have this Judge recuse himself from this civil action. On or about August 27, 2015, Dr. Arunachalam filed the Pro Se Defendant Arunachalam's Motion to Recuse Judge Davis (the "First Motion to Recuse"). Pazuniak Law opposed the First Motion to Recuse. The Court denied the First Motion to Recuse in an Opinion dated December 11, 2015 (the "Recusal Opinion").

After reviewing the Motion to Recuse, the Recusal Response, and determining that no hearing is necessary on the Motion to Recuse, the Motion to Recuse is, for the reasons set forth below, **DENIED**.

## DISCUSSION

Judicial impartiality is a "fundamental principle of the administration of justice."[1] It is well settled under Delaware law that a judicial officer must recuse himself if "there is a reasonable basis to question his impartiality."[2] This includes situations in which the judge has personal bias or prejudice concerning one of the parties or personal knowledge of disputed evidentiary facts concerning the case.[3] Further, pursuant to Rule 2.11(A) and (A)(4)(a) of the Delaware Judges' Code of Judicial Conduct (2008), a judge has a direct responsibility to avoid participation in proceedings whenever his impartiality might be reasonably questioned, including the instance where the judge (i) served as a lawyer in the matter in controversy, (ii) was a lawyer in a firm at a time when another lawyer in the firm served as a lawyer in the matter in controversy, or (iii) was associated in the practice of law within the preceding year with a law firm or lawyer acting as counsel in the proceeding.[4]

---

[1] *Jones v. State*, 940 A.2d 1, 17 (Del. 2007); *Home Paramount Pest Control v. Gibbs*, 953 A.2d 219, 222 (Del. 2008).
[2] *Home Paramount Pest Control*, 953 A.2d at 221.
[3] *See State v. Desmond*, 2011 WL 91984, at *5.
[4] *Jones*, 940 A.2d at 17; Dr. Arunachalam cites to Cannon 3 at some point in the Motion; however, this matter is actually governed by Rule 2.11 of The Delaware Judges' Code of Judicial Conduct.

3

Thus, when faced with a potential conflict, the Court—here, the particular judge—is required to engage in a two part analysis.[5] First, the judge must subjectively determine if he can hear the case free of bias.[6] Second, even if the judge is satisfied and finds that there is no actual bias, there may be situations where, absent actual bias, the appearance of bias may cause doubt as to the judge's impartiality.[7] When this occurs, the judge must then objectively determine whether there is an appearance of bias sufficient to cast doubt on his impartiality.[8] If a judge's decisions or demeanor would cause an objective, reasonable, observer viewing the circumstances to conclude that a fair or impartial hearing is unlikely, then recusal is appropriate.[9] In other words, the question to be answered is whether an objective observer would entertain reasonable questions about the judge's impartiality, thus warranting recusal.[10] The totality of the circumstances must be considered to determine whether there are sufficient grounds to doubt the judge's impartiality.[11] However, in the absence of any objective basis for bias, the judge is not obligated to recuse himself from the proceedings.[12] Thus, the judge should carefully consider the decision to recuse himself, and should be convinced that the two previously stated conditions are met.[13]

Also to be taken into consideration is the Delaware Judges' Code of Judicial Conduct Rule 2.7(A). That rule, the "Responsibility to Decide," states that "[a] judge shall hear and decide matters assigned, unless disqualified."[14] Thus, when read with Rule 2.11, a judge has a

---

[5] *Los v. Los*, 595 A.2d 381 384 (Del. 1991).
[6] *Id*. at 384-85.
[7] *Id*. at 385.
[8] *Id*.
[9] *Fritzinger v. State*, 10 A.3d 603, 611 (Del. 2010); *see also Stevenson v. State*, 782 a.2d 249, 258 (Del. 2001).
[10] *Gattis v. State*, 955 A.2d 1276, 1285 (Del. 2008).
[11] *Fritzinger*, 10 A.3d at 613.
[12] *Desmond*, 2011 WL 91984, at *6 ("a judge's duty to recuse or disqualify is complementary to, but not greater than, his or her baseline duty not to recuse in the absence of any objective basis.").
[13] *Id*.
[14] *Id*., at *10.

"duty to sit" unless the judge is genuinely convinced of the need for recusal or disqualification.[15] Hence, the decision to recuse is not one that should be made lightly, "because to do so is contrary to the Delaware Judges' Code of Judicial Conduct and [leaves the] case as one of [the recused or disqualified judge's] colleague's problems to deal with"[16] and unreasonably burdens fellow judges.

In the Motion to Recuse, Dr. Arunachalam argues that an appearance of bias sufficient to cast doubt on my impartiality exists in this civil action. Dr. Arunachalam claims that this Judge has hindered her access to justice, intimidated her, threatened her and otherwise breached my public trust and committed "honest judicial services fraud."[17]

The Motion to Recuse fails to satisfy either prong of the *Los v. Los* test. This Judge subjectively has no bias towards Dr. Arunachalam. This Judge is satisfied that I can proceed to hear this civil action free of bias or prejudice concerning any of the parties, including Dr. Arunchalam. Likewise, no reasonable observer could conclude that this Judge is biased against Dr. Arunachalam. To the contrary, the procedural history of this case discloses nothing more than this Judge's impartial decisions on the various motions presented during the history of this civil action. The Court has been patient with Dr. Arunachalam, resorting to sanctions—striking certain scandalous allegations, striking an e-mail pleading and imposing a $100 monetary

---

[15] *Id.*

[16] *Id.*

[17] Although Dr. Arunachalam does not provide any statutory or other support for this claim of "honest judicial services fraud," the Court believes that Dr. Arunachalam may mean honest services fraud. Honest services fraud is a crime defined in 18 *U.S.C.* § 1346 (the federal mail and wire fraud statute), which states: "For the purposes of this chapter, the term scheme or artifice to defraud includes a scheme or artifice to deprive another of the intangible right of honest services." 18 *U.S.C.* § 1346. The statute has been applied by federal prosecutors in cases of public corruption as well as in cases in which private individuals breached a fiduciary duty to another. In the former, the courts have been divided on the question of whether a state law violation is necessary for honest services fraud to have occurred. The statute, which has been a target of criticism, was given a narrow construction by the Supreme Court of the United States in the case of *Skilling v. United States,* 561 U.S. 358 (2010). In order to avoid finding the statute to be unconstitutionally vague, the Court interpreted the statute to only cover fraudulent schemes to deprive another of honest services through bribes or kickbacks supplied by a third party who has not been deceived. *Id.* at 408-09. Dr. Arunachalam presents no FACTS that support this type of claim in the Motion to Recuse.

sanction for unfounded claims of bias against the Court contained in the e-mail—only after repeated violations of the Superior Court Civil Rules, Orders issued in this civil action, and the need for appropriate civility in litigation.[18] Dr. Arunachalam's filings reveal her dissatisfaction with this Court's rulings, but this is nothing more than Dr. Arunachalam's subjective (and unsubstantiated) allegations of bias. Accordingly, there is no legitimate basis for disqualification or recusal. The granting of a party's motion to recuse or disqualify in any civil or criminal case, in the absence of a *bona fide* reason for recusal or disqualification, would be "irresponsible"[19] and a dereliction of the judicial duty to hear and decide matters assigned, unless disqualified.[20]

I have considered all the other facts raised in the Motion to Recuse, or other recent filings by Dr. Arunchalam,[21] on this particular argument and find these other facts do not support an argument that I am bias or prejudice or have the appearance of bias. I do not believe any objective observer would entertain reasonable questions about my impartiality, thus warranting recusal, on the allegations made by Dr. Arunchalam in the Motion to Recuse or other motions and notices recently filed by Dr. Arunchalam.[22]

---

[18] *See* Order Striking Paragraphs 3, 4(G), and 4(H) from Pro Se Defendant and Counter Plaintiff Dr. Lakshmi Arunachalam's Application for Ceritification for Interlocutory Appeal under Rule 42 of this Court's Order of October 20, 2016 Denying Dr. Arunachalam's Motion to Substitute; *and* Order (i) Regarding Omnibus Hearing to be Held on February 20, 2017 and (ii) Sanctioning Defendant Lakshmi Arunachalam for Inappropriate Use of E-Mail, including Unfounded Accusations of Bias Made Against the Court.

[19] *Reeder v. Del. Dept. of Ins.*, 2006 WL 510067, *23 (Del. Ch.2006) (citations omitted).

[20] *Desmond*, 2011 WL 91984, at *6.

[21] *See* Notice of Honest Services Fraud by George Pazuniak and Hon. Judge Eric M. Davis of Delaware Superior Court, Which This Court Must Report to the DOJ and FBI; *and* Motion for New Trial with a New Judge due to Mistrial by Judge Davis; and Defendant and Counter Plaintiff Lakshmi-Arunachalam, Ph.D."s Motion to Stay the Hearing Scheduled for February 20, 2017 and Motion for Judge Davis to File "Statement of Decision" Prior to 2/20/2017.

[22] As to vague references made regarding JPMorgan, my annual financial disclosures, my former employment at Skadden, and certain non-conforming filings that the Court allegedly mishandled, the Court incorporates by reference the determinations and rulings made in the Recusal Opinion.

**CONCLUSION**

For the reasons stated above, the Motion to Recuse fails to demonstrate cause for the relief sought. Therefore, the Defendant and Counter Plaintiff Lakshmi-Arunachalam, Ph.D's Application for Certification for Interlocutory Appeal under Rule 42 of this Court's Order of January 24, 2017 Denying Me Access to Justice and Motion to Recuse Judge Davis, as to the request for recusal, is hereby **DENIED**.

    **IT IS SO ORDERED.**


                             */s/ Eric M. Davis*
                             Eric M. Davis, Judge