# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,

v.

THOMAS F. KANE and
NATHAN McNEIL,

Defendants.

:   I.D. No. 0612001862 (Kane)
:   and 1302010193 (McNeil)

Submitted: March 13, 2019
Decided: March 29, 2019

## ORDER

Upon Defendants' Motions to Recuse the Bench
*Denied.*

Thomas F. Kane, *pro se.*

Nathan McNeil, *pro se.*

Marie T. Knoll, Esquire and John Williams, Esquire, Delaware Department of Justice, Dover, Delaware; attorneys for the State.

WITHAM, R.J.

## INTRODUCTION

Presently before this Court are four *pro se* Motions for Recusal filed by Roger L. Johnson, Anzara M. Brown, Thomas F. Kane, and Nathan McNeil (hereinafter "Defendant" or Defendants"). All four Defendants seek recusal of the judges who were responsible for their respective sentences pursuant to their interpretation of a recent Third Circuit decision in *Adams v. Governor of Delaware*.

After a review of the Defendants' motions, the State's response in opposition, and the Defendants' consolidated reply brief to the State's answer, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY[1]

1. Each of the Defendants were tried and convicted in the Kent County Superior Court between the years 2000 and 2014. The Court will briefly summarize the circumstances for each Defendants' conviction.

### A. Roger L. Johnson

2. Defendant Johnson was convicted by a Kent County Superior Court jury on May 25, 2000 of two counts of first degree robbery, two counts of possession of a firearm during the commission of a felony (hereinafter "PFDCF"), and second degree conspiracy.

---

[1] The Court notes that the motions for Defendants Johnson and Brown appear to be similar to each other, and have been assigned to Judge Jeffrey J Clark, Delaware Superior Court, Kent County. These two motions were filed subsequent to the Third Circuit's decision in *Adams v. Governor of Delaware*, 914 F.3d 827 (3d Cir. 2019). The motions made by Defendants Kane and McNeil, also filed after the Third Circuit's decision in *Adams*, are also similar to each other and have been assigned to Resident Judge William L. Witham Jr., Delaware Superior Court, Kent County.

3. On November 15, 2000, the Superior Court declared Defendant Johnson a habitual offender, pursuant to Section 4214(a), Title 11 of the Delaware Code and sentenced him to a mandatory twenty years at Level V incarceration.

4. The Delaware Supreme Court affirmed Defendant Johnson's convictions and sentences on direct appeal.[2]

**B. Anzara M. Brown**

5. Defendant Brown was convicted by a Kent County Superior Court jury of various drug and weapon offenses.

6. In a corrected sentence order of December 16, 2014, Defendant Brown was declared a habitual offender pursuant to 11 *Del. C. §* 4214(b). He was sentenced to a mandatory Level V incarceration for his Tier 4 drug dealing conviction.

7. Defendant Brown was also declared a habitual offender pursuant to 11 Del. C. § 4214(a), and was sentenced to twenty-five years Level V for possession of a deadly weapon during the commission of a felony (hereinafter "PDWDCF") and two years Level V incarceration for carrying a concealed deadly weapon (hereinafter "CCDW").

8. The Delaware Supreme Court affirmed Defendant Brown's convictions and sentences on direct appeal.[3]

**C. Thomas F. Kane**

9. Defendant Kane pled guilty, but mentally ill to first degree murder and other

---

[2] *Johnson v. State*, 2002 WL 134761 (Del. June 18, 2002).

[3] *Brown v. State*, 117 A.3d 568 (Del. 2015).

3

related offenses in Kent County Superior Court on February 29, 2008.

10. In a March 3, 2008 corrected sentence, Defendant Kane received a mandatory life sentence pursuant to 11 *Del. C. § 4209(a).*

11. The Delaware Supreme Court denied Defendant Kane's post conviction relief motions.[4]

## D. Nathan McNeil

12. Defendant McNeil pled guilty to second degree murder and PFDCF on March 18, 2014 in the Kent County Superior Court.

13. Additionally on March 18, 2014, Defendant Kane was sentenced to thirty years Level V incarceration, suspended after 25 years for probation.

14. While Defendant McNeil did not file a direct appeal to the Delaware Supreme Court, the Supreme Court affirmed this Court's denial of post conviction relief in 2016.[5]

## PARTIES' CONTENTIONS

### A. The Defendants

15. The Defendants, citing *Adams v. Carney*[6] as their primary basis of support, apparently argue that their respective Superior Court sentencing judge was unconstitutionally appointed to the Bench and therefore their individual sentences

---

[4] *Kane v. State*, 2016 WL 1165949 (Del. Mar. 17, 2016).

[5] *McNeil v. State*, 2016 WL 5116302 (Del. Sept. 20, 2016).

[6] 2017 WL 6033650 (D. Del. Dec. 6, 2017), *aff'd* in part, *rev'd* in part 914 F.3d 827 (3d 2019).

4

must be vacated, resulting in immediate release.

16. Defendants McNeil and Kane additionally request the appointment of a new judge to conduct additional proceedings, and assert that they have a right to an unbiased tribunal and that no bias need be shown.

**B. The State**

17. The State, in opposition, argues that Defendants have misrepresented the holding of *Adams*, as it relates to their individual cases. Specifically, the State argues that while the Third Circuit found that Adams' freedom of association rights were violated by the Delaware political balance requirement regarding applications to the bench,[7] the Adams court did not find that the Delaware court system, as a whole, to be unconstitutional, nor did it make any additional findings regarding Article IV, section 2 of the Delaware Constitution.[8]

## STANDARD OF REVIEW

18. The Delaware Judges' Code of Judicial Conduct reads in pertinent part:

[a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, ..., where the judge has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.[9]

19. This Court has crafted a two step analysis in reviewing a trial judge's

---

[7] *Adams,* 914 F.3d at 843.

[8] *Id.*

[9] *Jackson v. State,* 684 A.2d 745, 752 (Del. 1996); *see also* Del. Judges' Code of Judicial Conduct R. 2.11 (governing Disqualification).

5

recusal decision: (1) whether, as a subjective belief, the judge was satisfied that he or she could proceed to hear the case free of bias or prejudice concerning a party; and (2) whether there was an objective appearance of personal bias sufficient to cast doubt on the judge's impartiality.[10]

## DISCUSSION

20. The primary basis for the Defendants' contentions is based on their reading and interpretation of *Adams*. The State, in opposition, proposes a very different interpretation. Because of the diametrically opposed contentions regarding Adams, the Court feels that a brief synopsis of Adams is appropriate.

21. In *Adams*,[11] a Delaware lawyer filed an action for declaratory judgment and injunctive relief under 42 U.S.C. § 1983. The plaintiff, a political independent, wished to seek a judicial appointment in Delaware, and challenged the constitutionality of the Political Balance Requirement provision of the Article IV, Section 3 of the Delaware Constitution. The Plaintiff moved for summary judgment and the Chief Magistrate Judge granted the motion on December 6, 2017.[12]

22. The Governor of Delaware, appealed to the United States Court of Appeals for the Third Circuit, where the court affirmed in part and reversed in part, the district

---

[10] *Hearne v. State*, 176 A.3d 715, 2017 WL 6336910, at * 3 (Del. 2017) (Table) (citing *Los v. Los*, 595 A.2d 381, 384-85 (Del. 1991).

[11] *Adams*, 914 F.3d at 832-33.

[12] *Id.*

court's grant of summary judgment.[13] The Third Circuit held that portions of Delaware's constitution that limited one's ability to apply for a judicial position while associating with the political party of his or her choice violated that individual's freedom of association guaranteed by the First Amendment of the United States Constitution.[14]

23. In this case, the Court can dispense with the Defendants' arguments quickly. First, the Defendants have suggested that the Third Circuit's ruling in Adams stands for the proposition that all sitting Delaware judges, of any court, lack constitutional authority to preside over the cases before them. In other words, every Delaware judge is illegitimate.

24. The Court emphatically disagrees with this interpretation of *Adams*. Here, it appears that the Defendants interpretation of *Adams* is misplaced. Nowhere, in either *Adams* holding, does the district court or Third Circuit speak to or conclude as to the legitimacy of Delaware judges, nor does either court make any finding whatsoever, in relation to Art IV, § 2.[15] On the contrary, Judge McKee, in his concurrence stated that "[p]raise for the Delaware judiciary is nearly universal, and it is well deserved. Scholars and academics routinely refer to Delaware's courts as the

---

[13] *Adams*, 914 F.3d at 843.

[14] *Id.* (In a portion of the holding not relevant to this case, the Third Circuit held that because the plaintiff in the case had no standing to challenge sections of Art. IV, § 3 dealing with the Delaware Family Court and Court of Common Pleas, the court reversed the district court's order as it pertained to those sections. *See Id.*).

[15] Del. Const. art. IV, § 2 specifically controls the qualifications of judges for the various courts within the State.

preeminent forum for litigation, particularly for cases involving business disputes."[16] Thus, the Court finds that the Defendants' first argument is without merit.

25. Second, the Court finds no grounds to support a finding that the sentencing judges were in some way bias. Nor, for that matter, have any of the Defendants made allegations of bias. Indeed, the record is silent as to any evidence that would suggest even a hint of bias.

26. However, Defendants McNeil and Kane, citing *Williams v. Pennsylvania,*[17] still argue that they are not required to show bias. In *Williams*, the United States Supreme Court held that under the Due Process Clause there is an impermissible risk of actual bias when a judge earlier had a significant, personal involvement as a prosecutor in a critical decision regarding a defendant's case.[18]

27. Again, the Court disagrees. Delaware law clearly states that a judge's bias must be demonstrated by a defendant.[19] In this case, the Defendants appear to rely primally on the Third Circuit's decision in Adams to advance their cause. Unfortunately for the Defendants, that is not enough to carry the day. Since none of the Defendants have provided, nor attempted to provide, any evidence of record to suggest any judicial bias, or even the inference of judicial bias, the Court declines to do it for them.

---

[16] *Adams*, 914 F.3d at 844 (McKee, concurring) (footnote omitted).

[17] 136 S.Ct. 1899 (2016).

[18] *Williams*, 136 S.Ct. at 1905.

[19] *Jackson*, 684 A.2d at 752 .

## CONCLUSION

28. For the above stated reasons, the Defendants Thomas F. Kane and Nathan McNeil's Motions to Recuse the Bench are **DENIED**.

**IT IS SO ORDERED.**

_____
Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
cc:    Thomas F. Kane, *pro se*
       Nathan McNeil, *pro se*
       Marie T. Knoll, Esquire
       John Williams, Esquire