# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DOMENIC CASERTA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: K22M-06-009 RLG |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT BRADLEY and | ) | |
| NANCY BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

**Submitted:  November 1, 2023**
**Decided: November 1, 2023**
**Issued:  November 22, 2023**

## ORDER

*Upon Plaintiff's Motion for a Long-Term Protection Order – DENIED.*

*Upon Plaintiff's Motion for Change of Venue – DENIED.*

*Upon Plaintiff's Motion to Dismiss – GRANTED.*

Domenic Caserta, *Pro Se Plaintiff.*

Nicholas H. Rodriguez, Esquire, Dover, Delaware.  *Attorney for Defendants.*

**GREEN-STREETT, J.**

1

On September 19, 2023, Plaintiff Domenic Caserta filed a motion requesting "to change venue to the New Castle County Court House."[1] In his motion, Mr. Caserta alternatively requested a "Long Term Protection Order" against Defendants Robert and Nancy Bradley, which the Court interprets to mean a Protection from Abuse order.[2] The Court held a hearing on Mr. Caserta's motions on November 1, 2023. For the reasons stated on the record at the hearing, and the reasons stated herein, Plaintiff's Requests (1) to Change Venue and (2) for a Long-Term Protection Order are **DENIED**.

On October 30, 2023, Mr. Caserta filed a letter requesting that, should the Court be unable to change venue or issue a long-term protection order, the Court should "dismiss this case without prejudice."[3] At the November 1, 2023 hearing on Mr. Caserta's motions, Mr. Caserta reiterated this application orally. For the reasons stated on the record at the hearing, and the reasons stated herein, Plaintiff's Motion to Dismiss is **GRANTED**.

The Court will address each of Mr. Caserta's requests in turn.

---

[1] Pl.'s Mot. at 1.

[2] Id.

[3] Pl.'s Letter to the Ct. at 3 (Oct. 30, 2023).

## I. Request for Long-Term Protection Order

This Court maintains limited authority to grant injunctive relief. This Court's limited authority to grant civil protection orders derives from 10 Del. C. § 7203, which allows this Court to grant protective relief to victims of sexual violence. Only these victims of sexual violence – or a petitioner acting on their behalf – may petition for a sexual violence protective order.[4] As no non-consensual sexual conduct is alleged in Mr. Caserta's Complaint, this Court cannot grant him a sexual violence protective order.

Typically, civil protection from abuse orders are sought in Family Court when domestic violence is perpetrated against a member of a protected class.[5] 10 Del. C. § 1041(2) defines who qualifies as a member of the protected class: family; former spouses; persons cohabitating as a couple, with or without a child in common; persons living separate and apart with a child in common; or persons in a current or former substantive dating relationship.[6] If not a member of one of the enumerated categories, a person seeking a protective order must pursue some alternate form of relief under the law.

---

[4] 10 Del. C. § 7203(b).

[5] 10 Del. C. § 1041(2).

[6] Id.

Mr. Caserta filed a lawsuit against his neighbors in Superior Court. This Court knows of no statutory, regulatory, or precedential authority available to it to grant the protective relief he seeks. Without jurisdiction to do so, this Court cannot grant Mr. Caserta's request. Therefore, Mr. Caserta's request for a "long-term protection order" is **DENIED.**

## II.     Request for Change of Venue

Mr. Caserta seeks a change of venue from Kent County to New Castle County because he feels treated unfairly by this Court.[7] Therefore, while Mr. Caserta couches his motion as a venue-based request, Mr. Caserta's actual application appears to be a petition for this judicial officer's recusal. When asked to recuse due to personal bias or prejudice, a judge must engage in the two-part analysis outlined in Los v. Los.[8] First, "[s]he must, as a matter of subjective relief, be satisfied that [s]he can proceed to hear the cause free of bias or prejudice concerning that party."[9] "Second, even if the judge believes that [s]he has no bias, situations may arise where,

---

[7] Pl.'s Mot. at 2 ("If your honor can't give me a long[-]term protection order I'm requesting to have a change of venue and transferred [sic] to the Superior Court in New Castle County De [sic] … .").

[8] 595 A.2d 381, 384-85 (Del. 1991).

[9] Id.

actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality."[10]

This judicial officer harbors no bias or prejudice towards Mr. Caserta. Other than presiding over Mr. Caserta's case, this judicial officer preserves no independent knowledge of or relationship with Mr. Caserta. This judicial officer maintains that she can hear Mr. Caserta's matter in a fair and impartial manner. Further, Mr. Caserta alleges no facts that lend any credence to the idea that this judicial officer lacks the ability to be fair or impartial in this case, save for Mr. Caserta's displeasure and disagreement with adverse rulings.[11] Thus, the Court finds that evaluation of the first prong of Los does not require recusal.

Similarly, the Court finds that Mr. Caserta's allegations do not require recusal under the second prong of Los. Rule 2.11 of the Code of Judicial Conduct lists multiple situations in which a judge should be disqualified.[12] None apply here. This

---

[10] Id.

[11] Pl.'s Mot. at 1-3. Mr. Caserta states he feels that he is "being discriminated" against because of his *pro se* status. Mr. Caserta alleges the Court is "giving Mr. Nick Rodriguez … the advantaged [sic] because he's well known at the Kent County Court House [sic]." Mr. Caserta does not provide any factual basis for these statements, nor does the Court find evidence of any "advantage" given to the Defendants because of Mr. Rodriguez's alleged "reputation." The Court understands the perceived obstacles and challenges faced by self-represented litigants in Superior Court. However, the Court also finds that Mr. Caserta's displeasure with the Court's rulings does not constitute a sufficient basis to suggest bias on the part of this judicial officer.

[12] Code of Judicial Conduct Canon 2 § 2.11(a).

judicial officer has no personal bias in this matter.[13] No members of her family are involved in these proceedings, nor do they have any fiduciary interest in the subject matter.[14] The Court does not find any other circumstances supporting an objective appearance of bias or impropriety. Because neither prong of Los requires recusal, the Court finds any implicit request for recusal in Mr. Caserta's motion must be denied.

The events alleged in this case took place in Kent County. The parties all reside in Kent County. Accordingly, the case should, after a consideration of the equities, remain in Kent County. As such, Mr. Caserta's request for a change of venue is **DENIED**.

## III. <u>Request for Dismissal Without Prejudice</u>

In Mr. Caserta's October 30, 2023 letter, he requested that the Court "dismiss this case with prejudice[,] so [he] can reopen this case in Wilmington as a criminal case." Similarly, at the November 1, 2023 hearing, Mr. Caserta reiterated his desire to dismiss the case without prejudice, so he could "refile in Superior Court of Wilmington, Delaware and the district attorney as this is really a criminal case and it was my mistake not filing it as a criminal case."

---

[13] Code of Judicial Conduct Canon 2 § 2.11(a)(1).

[14] Code of Judicial Conduct Canon 2 § 2.11(a)(2-3).

Defense counsel did not object to the dismissal at the hearing but asked that the dismissal be granted *with* prejudice. After a thorough review of Plaintiff's written and oral submissions, Plaintiff's Motion to Dismiss without prejudice is **GRANTED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge