IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WITTAYA THEERACHANON, | § | |
| | § | |
| Plaintiff Below, | § | No. 155, 2024 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| FIA CARDS SERVICES and | § | C.A. No. 2023-0536 |
| TENAGLIA & HUNT, P.A., LLP, | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: May 17, 2024
Decided: May 21, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>**ORDER**</u>

After consideration of the documents filed by the appellant, it appears to the Court that:

(1)     On May 8, 2024, this Court dismissed the appeal filed by the plaintiff below-appellant, Wittaya Theerachanon, from a Court of Chancery Magistrate's final report dismissing Theerachanon's amended complaint ("May 8, 2024 Order").[1] In the absence of a stipulation by the parties to submit their dispute to a Magistrate for a final decision under 10 *Del. C.* § 350 or an order by the Court of Chancery

---

[1] *Theerachanon v. FIA Card Servs.*, 2024 WL 2073629 (Del. May 8, 2024).

adopting the Magistrate's final report under Court of Chancery Rule 144(c), this Court lacked jurisdiction to consider Theerachanon's appeal.[2]

(2)    On May 9, 2024, the Chancellor directed the Magistrate to conduct a procedural review of exceptions Theerachanon filed to the Magistrate's final report on May 6, 2024 and to recommend whether the exceptions should be considered in an addendum to the final report.  The Chancellor also assigned a Vice Chancellor to consider any exceptions that were filed to the Magistrate's addendum.  On May 9, 2024, the Magistrate entered an addendum recommending that Theerachanon's exceptions to the final report be dismissed as untimely.  The deadline for Theerachanon to file exceptions to the addendum is May 23, 2024.

(3)    On May 17, 2024, Theerachanon filed the following documents in this appeal:

- A motion for recusal;

- A motion opposing the order of dismissal;

- A motion for default judgment; and

- A notice of appeal from interlocutory order.

(4)    In the motion for recusal, Theerachanon seeks the recusal of the Justices who decided the May 8, 2024 Order.  Theerachanon claims that the Justices are biased against her because the May 8, 2024 Order was issued on the same day as the

---

[2] *Id.* at *1.

Magistrate's addendum and relied inappropriately on information in the addendum. This claim is without merit. The May 8, 2024 Order dismissing Theerachanon's appeal for this Court's lack of jurisdiction to consider her appeal of the Magistrate's final report was issued the day *before* the Magistrate issued the addendum recommending that Theerachanon's exceptions to the final report be dismissed as untimely. The May 8, 2024 Order did not depend or rely upon the Magistrate's addendum. Having engaged in the two-part analysis set forth in *Los v. Los*,[3] the Justices are satisfied that they can preside over this appeal in a manner free from any bias or prejudice and that there is no objective appearance of partiality.

(5)     The Court construes the motion opposing the order of dismissal as a motion for reargument of the May 8, 2024 Order. Having considered the motion, the Court concludes that the motion is without merit and should be denied.

(6)     In moving for default judgment, Theerachanon relies upon Supreme Court Rule 55, which she describes as allowing a party to move for default judgment when the party against whom judgment is sought fails to appear, plead, or otherwise defend. She is mistaken. Supreme Court Rule 55 grants certain attorneys limited permission to practice in public programs. Nothing in this Court's Rules provides

---

[3] 595 A.2d 381, 384-85 (Del. 1991) ("[T]he judge is required to engage in a two-part analysis. First, he must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or prejudice concerning that party. Second, even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality.").

3

for a party to file a motion for default judgment. To the extent Theerachanon is relying upon Court of Chancery Rule 55, which does provide for a party to move for default judgment, she must file a motion for default judgment in the Court of Chancery in the first instance.

(7) Finally, Theerachanon purports to file an interlocutory appeal from the Magistrate's final report. She has not complied with the requirements of Rule 42. Under Rule 42, Theerachanon was required to file an application for certification of an interlocutory appeal in the Court of Chancery within ten days after entry of the Magistrate's final report on April 2, 2024,[4] but she did not do so. Theerachanon also was required to file a notice of interlocutory appeal in this Court within thirty days after entry of the Magistrate's final report on April 2, 2024,[5] but she did not file the notice of interlocutory appeal until May 17, 2024. The notice of interlocutory appeal must be dismissed *sua sponte* under Rule 29(c).[6]

---

[4] Supr. Ct. R. 42(c)(i).

[5] Supr. Ct. R. 42(d)(i).

[6] Supr. Ct. R. 29(c) (providing for involuntary dismissal, *sua sponte*, without prior notice when the appeal manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail).

4

NOW, THEREFORE, IT IS ORDERED, that the motions are DENIED and the notice of interlocutory appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice