IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH APPIAH, § 
 § No. 263, 2025
 Defendant Below, § 
 Appellant, § Court Below–Superior Court
 § of the State of Delaware
 v. § 
 § Cr. ID No. 1808022193 (N)
STATE OF DELAWARE, § 
 § 
 Appellee. § 

Submitted: August 14, 2025
Decided: October 21, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we find it evident that the Superior Court's denial of the appellant's second motion for postconviction relief should be affirmed. The appellant, Kenneth Appiah, cannot avail himself of the "actual innocence" exception to Superior Court Criminal Rule 61's procedural bars because his attempt to recast his ineffective-assistance-of-counsel claims as claims of new evidence of his actual innocence is unavailing.[1] The evidence that Appiah cites (the State's failure to test

---

[1] *See* Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and pleads with particularity (i) new evidence of his actual innocence or (ii) that a new rule of constitutional law, made retroactive to cases on collateral review, applies to the movant's case and renders his conviction invalid).

a glove found at the crime scene for forensic evidence and defense counsel's failure to call witnesses whose testimony Appiah alleges would have supported his alibi defense) is simply not new evidence of his actual innocence.[2]

After the Superior Court issued its decision denying Appiah's motion for postconviction relief, Appiah filed an untimely motion for "reconsideration based on conflict of interest,"[3] claiming that the Superior Court judge, a former prosecutor, had been involved in his prosecution. The court considered the untimely motion on its merits and denied it after confirming that the judge had not, in fact, been involved in Appiah's prosecution. We have determined that the Superior Court judge did not err in concluding that no conflict of interest existed warranting recusal.[4]

---

[2] *See Purnell v. State*, 254 A.3d 1053, 1100 (Del. 2021) (finding that to satisfy Rule 61's "actual innocence" exception to its procedural bars, a defendant must "show that his new evidence (1) is such as will probably change the result if a new trial is granted; (2) *has been discovered since the trial and could not have been discovered before by the exercise of due diligence*; and (3) is not merely cumulative or impeaching" (emphasis added)).

[3] *See Riley v. State*, 238 A.3d 848, 2020 WL 5230731, at *1 (Del. Sept. 1, 2020) (TABLE) (noting that a motion to reargue in a criminal matter must be filed and served within five days of the court's decision under Superior Court Civil Rule 59); Del. Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

[4] *Los v. Los*, 595 A.2d 381, 384-85 (Del. 1991) ("When faced with a claim of personal bias or prejudice under Canon 3 C(1) the judge is required to engage in a two-part analysis. First, he must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or prejudice concerning that party. Second, even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality."); *Jones v. State*, 940 A.2d 1, 17 (Del. 2007) ("We review the subjective aspect of [a judge's] decision [whether to recuse herself] for abuse of discretion and the objective portion *de novo*.").

2

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice