IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TODD TURNER, | § | |
| | § | No. 524, 2016 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | File No. 1604021141 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 10, 2017
Decided: May 10, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

### O R D E R

(1) On August 30, 2016, the Family Court found Todd Turner[1] delinquent of Drug Dealing and Tier I Possession of a Controlled Substance. In this appeal, Turner contests the fairness of his trial before Family Court because, according to Turner, the State introduced prejudicial information and made prejudicial remarks that warranted recusal by the Family Court judge hearing his case.

(2) Turner argues that the Family Court judge erred in not recusing herself after the State made two supposedly prejudicial statements. First, the State referred to the amount of heroin Turner allegedly sold and possessed in its response to Turner's first motion to dismiss. Second, the State referred to the

---

[1] Todd Turner is the pseudonym used for the defendant because he is a minor.

existence of an unrelated, pending firearms charge against Turner when explaining why there was a delay in the arrival of witnesses.

(3)     The Delaware Code of Judicial Conduct states "[a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned . . . ." [2]     Because the Code provides a nonexhaustive list of examples of circumstances where judicial impartiality might reasonably be questioned, this Court has also stated that when there is a claim a judge has personal bias or prejudice, the trial judge must conduct a two part analysis.[3]  First, the trial judge must be satisfied "as a matter of subjective belief"[4] that the judge "can proceed to hear the cause free of bias or prejudice."[5]  Second, even if the judge subjectively believes she does not have bias, she must determine that there is not an "appearance of bias sufficient to cause doubt as to the judge's impartiality."[6]  "On appeal, we review the trial judge's analysis of the subjective test for abuse of discretion.  Because a claim of appearance of impropriety 'implicates a view of how others perceive the conduct of the trial judge,' we review the merits of the objective test *de novo*."[7]

---

[2] Del. Code of Judicial Conduct R. 2.11(A).
[3] *Los v. Los*, 595 A.2d 381, 384 (Del. 1991).
[4] *Id*.
[5] *Id*. at 384–85.
[6] *Id*. at 385.
[7] *Jones v. State*, 940 A.2d 1, 18 (Del. 2007) (citations omitted) (quoting *Stevenson v. State*, 782 A.2d 249, 255 n.2 (Del. 2001)).

(4)   Here, the Family Court judge clearly engaged in the subjective test, when she stated "I don't see any reason why I can't be fair and that I would be biased in any way on the case.  I'm going to look at it exactly the way that it is."[8] Turner does not point to anything from the proceeding that contradicts the Family Court judge's assertion that she believed she could be fair and unbiased.  Thus, we decline to find any abuse of discretion in the Family Court's application of the subjective test.

(5)   The objective test asks us to determine "whether an objective observer would entertain reasonable questions about the judge's impartiality, thus warranting recusal."[9]  Here, an objective observer would not entertain a reasonable question about the Family Court judge's impartiality simply because she had seen the State's assertion about the amount of heroin Turner possessed or because she was aware of the fact of separate pending charges.

NOW, THEREFORE IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[8] Appellant's App. at A21 (Tr. of 8/30/2016 Motion to Dismiss and Motion for Recusal).
[9] *Gattis v. State*, 955 A.2d 1276, 1285 (Del. 2008).