# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | In and For Kent County |
| | : | |
| v. | : | |
| | : | |
| ROGER L. JOHNSON, and | : | ID No. 9908000065 |
| ANZARA M. BROWN, | : | ID No. 1205025968A |
| | : | |
| Defendants. | : | |

## ORDER

Submitted: March 14, 2019
Decided: April 5, 2019

### *Upon Defendants' Motions Seeking Recusal – DENIED*

On this 5th day of April, 2019, having considered the motions seeking recusal filed by Defendants Roger L. Johnson ("Mr. Johnson"), and Anzara M. Brown ("Mr. Brown"),[1] the State's consolidated response, and Mr. Johnson's and Mr. Brown's consolidated reply, together with the record in these cases, it appears that:

1.  Mr. Johnson and Mr. Brown (collectively "Defendants") filed motions seeking the recusal of all judicial officers involved in the disposition of their cases. The primary basis for their motions is the Third Circuit Federal Court of Appeals' decision in *Adams v. Governor of Delaware.*[2] Defendants argue that because the judges and justices handling their matters were appointed in a system found to be unconstitutional, those judicial officers lacked constitutional authority to act.

---

[1] The Defendants filed identical motions that the Court addresses as one in this consolidated order. Two other defendants filed similar motions that were also recently denied by the court. *See State of Delaware v. Kane & McNeil*, I.D. No. 0612001862 & 1302010193 (Del. Super. Mar. 29, 2019) (denying those defendants' motions to vacate their sentences where those defendants also relied upon the *Adams* decision and Delaware Judges' Code of Judicial Conduct Rule 2.4(A)).
[2] 914 F.3d 827 (3d Cir. 2019).

2. In *Adams*, the Third Circuit held that the "political balance requirement" portions of Article IV, Section 3 ("Section 3") of the Delaware Constitution impaired Mr. Adams's ability to apply for a judicial position while associating with the political party of his choice.[3] In that regard, the Third Circuit panel held that portions of Section 3 violated Mr. Adams's Freedom of Association rights guaranteed by the First Amendment to the United States Constitution.[4] Defendants argue that this decision compels a finding that all sitting Delaware constitutional judges are *post-facto* disqualified as judicial officers. Therefore, the Defendants argue that their convictions and sentences were illegal and should be vacated.

3. Furthermore, Defendants argue that the judicial officers responsible for overseeing various portions of their cases violated Delaware Judges' Code of Judicial Conduct Rule 2.4(A) during all relevant portions of their proceedings because they acted as "policymakers." Without further explanation, the Defendants argue that the judges' status as policymakers violate their constitutional rights to an impartial tribunal. For this additional reason, Defendants request that the Court issue an order vacating their convictions and sentences, and that it order them to be immediately released from custody. Although the Defendants request this remedy from the present Court, they do so while also seeking recusal of this judicial officer.

4. Mr. Johnson was convicted of two counts of robbery first degree, two counts of possession of a firearm during the commission of a felony, and conspiracy second degree. The Court declared him to be a habitual offender pursuant to 11 *Del. C.* § 4214(a) and sentenced him to an aggregate unsuspended sixty years at Level V. The Delaware Supreme Court affirmed his convictions and sentences.[5] Most recently, the Supreme Court also denied his third motion for postconviction relief.[6]

---

[3] *Id.* at 829.
[4] *Id.* at 843.
[5] *Johnson v. State*, 801 A.2d 10, 2002 WL 1343761, at *1 (Del. Jun. 18, 2002) (TABLE).
[6] *Johnson v. State*, 200 A.3d 1206, 2018 WL 6822346, at *1 (Del. Dec. 27, 2018) (TABLE).

5. Mr. Brown was also convicted of various drug and weapon offenses. The court declared him to be a habitual offender pursuant to 11 *Del. C.* § 4214(b). Accordingly, regarding three separate offenses, the Court sentenced him to mandatory life terms. The Delaware Supreme Court also affirmed Mr. Brown's convictions and sentences on direct appeal.[7] Thereafter, the Supreme Court affirmed the Superior Court's denial of Mr. Brown's postconviction relief motion.[8]

6. The Defendants misconstrue the holding in *Adams*. In that case, the Third Circuit held that the State violated Mr. Adams's freedom of association rights through the State's application of the political balance requirement in Article IV, § 3 of the Delaware Constitution.[9] The Third Circuit's decision was prospective only. Its decision does not hold or imply that judicial officers appointed pursuant to Delaware's political balance requirement have now become unqualified to serve as judicial officers.[10] In this respect, the *Adams* decision did not address Article IV, § 2 of the Delaware Constitution's requirements to hold judicial office. Namely, for state constitutional judges, that provision requires that any justice, judge, or member of the Court of Chancery must be a citizen of Delaware and learned in the law.[11] All judges and justices deciding various matters regarding the Defendants' cases were qualified when appointed and remain fully qualified to serve in their positions.

7. Defendants also claim that the Delaware judges and justices reviewing their cases violated Delaware Judges' Code of Judicial Conduct Rule 2.4(A)[12] because they were "policymakers." Defendants misunderstand the Third Circuit's reference in *Adams* to the policymaking exception. Namely, the Third Circuit

---

[7] *Brown v. State*, 117 A.3d 568 (Del. 2015).
[8] *Brown v. State*, 198 A.3d 176, 2018 WL 6181657, at *1 (Del. Nov. 26, 2018) (TABLE).
[9] *Adams*, 914 F.3d at 843.
[10] *Id.*
[11] Del. Const., Art. IV, § 2.
[12] The rule states that a "judge should be unswayed by partisan interests, public clamor, or fear of criticism."

3

panel's decision held the opposite of what Defendants advocate. It held that "the policymaking exception does not apply to judges and that "a judicial officer, whether appointed or elected, is not a policymaker."[13] Accordingly, the Defendant's reliance upon the *Adams* decision for this premise is also mistaken.

8. Finally, with regard to Defendants' motion seeking recusal because of bias, a two-step analysis must be applied by the reviewing judge.[14] First, the judge, as a matter of subjective belief, must be satisfied that he or she "can proceed to hear the case free of bias or prejudice concerning that party."[15] Second, if the judge subjectively believes there is no bias in the case, "situations may [still] arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality."[16] Here, the Defendants address neither prong. Nor do they allege any facts demonstrating that the judicial officers involved in their trials, sentencings, appellate, or collateral proceedings were (1) subjectively biased or (2) exhibited an objective appearance of bias. Accordingly, their motions must be denied.

WHEREFORE, Defendants Roger Johnson and Anzara Brown's motions seeking recusal are **DENIED.**

/s/Jeffrey J Clark
Judge

---

[13] *Adams*, 914 F.3d at 838.
[14] *Los v. Los*, 595 A.2d 381 (Del. 1991).
[15] *Id.* at 384-85.
[16] *Id.* at 385.