# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JANET BATCHELOR, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. K17C-11-001 NEP |
| | ) | In and For Kent County |
| v. | ) | |
| | ) | |
| ALEXIS PROPERTIES, LLC, | ) | |
| BB PROPERTIES OF DELAWARE, | ) | |
| LLC, JOHN WELCOME d/b/a | ) | |
| WELCOME HOME REALTY, and | ) | |
| LIVEINDE.COM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: April 16, 2019
Decided: May 8, 2019

## ORDER

Before the Court is a Motion to Recuse this Judge and the Commissioner, filed by Ms. Janet Batchelor (hereinafter "Plaintiff"). Plaintiff, who is self-represented in this litigation, contends that the Court's interactions with Plaintiff in connection with her requests for accommodation for her hearing impairment, as well as the conduct of this Judge and of the Court's Commissioner during the course of various pretrial proceedings,[1] demonstrate a bias against Plaintiff and require removal of this Judge and the Commissioner from this case. Defendants John Welcome (hereinafter "Welcome"), Alexis Properties (hereinafter "Alexis"), Liveinde.com, Inc. d/b/a

---

[1] These pre-trial proceedings resulted in this Judge's Order issued on April 3, 2019, granting in part and denying in part the Motion to Amend Scheduling Order of Defendants Welcome, Alexis, and Liveinde.com, as well as various orders issued by the Commissioner on March 14, 2019, (1) granting Defendants' Motion to Extend Discovery, (2) granting Defendants' Motion to Compel Discovery, (3) denying Plaintiff's Motion to Deem Requests for Admissions Admitted, and (4) granting Plaintiff's Motion for Leave to file a Second Amended Complaint.

1

Welcome Home Realty (hereinafter "Liveinde.com"), and BB Properties of Delaware, LLC (hereinafter "BB Properties" and collectively with Welcome, Alexis, and Liveinde.com, "Defendants") have filed a response in opposition to Plaintiff's motion. Additionally, Defendants request sanctions against Plaintiff under Superior Court Civil Rule 11, alleging, *inter alia*, that Plaintiff has filed a meritless motion and is in contempt of the Court.

This Order will address Plaintiff's claims involving this Judge, which include the allegations stemming from the April 2 and April 3, 2019, email exchanges between the Court and Plaintiff.[2] This Order will also address Plaintiff's assertions that do not involve any specific judicial officer, but instead deal with (1) Plaintiff's interactions with the Court regarding provision of services relating to her hearing impairment up to the time of the hearing before the Commissioner on March 14, 2019, and (2) Plaintiff's request that this matter be transferred to a judge of this Court sitting in New Castle County, Delaware, due to her belief that she "cannot receive a fair hearing or trial in Superior Court Kent County, Delaware." Finally, the Order will address Defendants' request for sanctions. The Court refers the parties to the Commissioner's separate order filed on this date as to Plaintiff's claims involving the Commissioner, including Plaintiff's allegations of prejudice and bias of the Commissioner relating to the March 14, 2019, hearing before the Commissioner. For the reasons set forth below, Plaintiff's Motion to Recuse is **DENIED**, and Defendants' request for sanctions is **DENIED**.

## I.  Factual Background and Procedural History

On May 4, 2016, Plaintiff signed a rental agreement leasing certain property owned by Defendant BB Properties for the term of June 1, 2016, to May 31, 2017.

---

[2] Plaintiff alleges that this Judge allowed Defendants Welcome, Alexis, and Liveinde.com to file their Motion to Amend Scheduling Order by email and engaged in *ex parte* communication with defense counsel.

2

Allegedly, Defendants later committed breaches of the rental agreement that caused Plaintiff damages and forced her to vacate the property. Thereafter, Defendants threatened legal action and then filed a summary possession complaint and a debt action. Plaintiff subsequently filed suit, alleging breach of contract, breach of the covenant of good faith, and malicious prosecution.

On February 23, 2018, this Court denied a motion to dismiss filed by Defendants Welcome and Alexis. On August 30, 2018, Plaintiff was granted leave to file an amended complaint, which was subsequently filed on September 11, 2018. Defendants filed a motion to dismiss on October 11, 2018, which was granted in part and denied in part on November 13, 2018.

On March 14, 2019, a hearing was held before the Commissioner regarding various discovery-related motions as well as a motion filed by Plaintiff requesting leave to file a second amended complaint. In connection with her rulings issued at the close of the hearing, the Commissioner granted a limited extension of the discovery period.[3]

On April 1, 2019, Defendants Welcome, Alexis, and Liveinde.com e-filed a Motion to Amend Scheduling Order (hereinafter the "Motion to Amend"). On April 2, the Court contacted Plaintiff via email to obtain her position on the Motion to Amend. Due to the time-sensitive nature of the matter, *i.e.*, dispositive motions were to be filed by April 3, the Court was attempting to accommodate Plaintiff by allowing her to submit her response to Defendants' motion in email format, a practice not normally allowed by the Court. The subsequent email exchange between

---

[3] Pursuant to the scheduling order dated July 11, 2018, the discovery period ended on March 6, 2019. (Docket Item #92). Following the March 14, 2019, hearing, the Commissioner extended discovery until May 15, 2019, but only "as to those matters currently before the Court." (Docket Item #165).

3

the Court and Plaintiff, which will be discussed in more detail below, is at the heart of Plaintiff's contentions regarding this Judge.

On April 3, 2019, Plaintiff, via email, expressed her opposition to amending the scheduling order. Later that day, this Court granted in part and denied in part the Motion to Amend. The Court, in its Order, stated that it would "grant the request to extend the dispositive motions deadline to May 31, 2019" but that "[a]ll other deadlines in the current scheduling order, including the deadlines for motions in limine and responses to motions in limine, will remain in place." Plaintiff then filed the present Motion to Recuse, alleging that this Judge had allowed Defendants to file the Motion to Amend by email and had engaged in *ex parte* communications.

## II. Discussion

Judicial impartiality "is a fundamental principle of the administration of justice."[4] It has been well-settled in Delaware that judicial officers must recuse themselves if "there is a reasonable basis to question [their] impartiality."[5] The Delaware Judges' Code of Judicial Conduct sets forth a non-exhaustive list of situations where a judge "should" disqualify himself or herself, particularly where "[t]he judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."[6] However, the Delaware Supreme Court has stated that alleged personal bias or prejudice against the party seeking recusal is not an automatic basis for disqualification.[7] Rather, disqualification is only required where the alleged bias or prejudice of the judicial

---

[4] *BAC Home Loans Servicing v. Brooks*, 2012 WL 1413608, at *3 (Del. Super. Feb. 2, 2012) (citing *Los v. Los*, 595 A.2d 381, 383 (Del. 1991)).

[5] *BAC*, 2012 WL 1413608, at *3 (citing *Edelstein v. Goldstein*, 2011 WL 2791270, at *3 (Del. Super. Jul. 13, 2011)).

[6] *BAC*, 2012 WL 1413608, at *3 (citing Delaware Judges' Code of Judicial Conduct Rule 2.11(A)(1)(2008)).

[7] *Los*, 595 A.2d at 384.

4

officer derives from "an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[8]

In *Los v. Los*,[9] the Delaware Supreme Court established a two-part test for determining whether a judicial officer should recuse himself or herself where a party has alleged personal bias or prejudice. First, the judge must subjectively determine if he or she "can proceed to hear the case free of bias or prejudice concerning that party."[10] Second, even if the judge is satisfied that there is no actual bias, the judge must, nonetheless, objectively determine whether there is an "appearance of bias sufficient to cause doubt as to the judge's impartiality." [11] "If a judge's decisions or demeanor would cause an objective, reasonable, observer viewing the circumstances to conclude that a fair or impartial hearing is unlikely, then recusal is appropriate."[12] However, in the absence of any objective basis for bias, the judge need not recuse himself or herself from the proceedings.[13]

In deciding a motion to recuse, the Court should also consider Delaware Judges' Code of Judicial Conduct Rule 2.7(A), known as the "Responsibility to Decide," which provides that "[a] judge shall hear and decide matters assigned, unless disqualified."[14] A judge has a "duty to sit" unless disqualified or convinced of the need to recuse.[15] Therefore, the judge should carefully consider the decision to recuse himself or herself, as granting such a motion "in the absence of a *bona fide*

---

[8] *Id.* (quoting *United States v. Grinnel Corp.*, 384 U.S. 563, 583 (1966)).
[9] 595 A.2d 381 (Del. 1991).
[10] *Los*, 595 A.2d at 384-85.
[11] *Id.* at 385.
[12] *Pazuniak Law Office, LLC v. Pi-Net International, Inc.*, 2017 WL 656766, at *2 (Del. Super. Feb. 17, 2017) (citing *Fritzinger v. State*, 10 A.3d 603, 611 (Del. 2010)).
[13] *Pazuniak*, 2017 WL 656766, at *2 (citing *State v. Desmond*, 2011 WL 91984, at *6 (Del. Super. Jan. 5, 2011)).
[14] *Desmond*, 2011 WL 91984, at *10.
[15] *Id.*

5

reason for recusal or disqualification, would be 'irresponsible' and a dereliction of the judicial duty to hear and decide matters assigned. . . ."[16]

## A. Subjective Analysis

As to the first prong under the *Los* test, this Judge can unequivocally state, as did the judicial officer in *BAC*,[17] that I have no feelings of bias, prejudice, or ill-will against Plaintiff, and that nothing Plaintiff has done during the course of this case gives rise to any such feelings. Plaintiff alleges in her Motion that an *ex parte* communication took place between this Judge and Defendants, indicating bias against the Plaintiff and an inability to be an impartial decision-maker in this case. As will be addressed in more detail below, no such *ex parte* communications took place. Since I am persuaded that I can hear this matter without any bias or prejudice against Plaintiff, the first prong of the *Los* test is satisfied.

## B. Objective Analysis

Under the second prong of the *Los* analysis, there is no objective appearance of bias. This Judge has not taken any actions with respect to the Plaintiff in this litigation, nor made any other decisions in this matter, that could create an appearance of bias or cast doubt on my impartiality. As no reasonable observer could conclude that I am biased against Plaintiff, the second part of the *Los* analysis also does not require disqualification.

To the contrary, the procedural history of this case discloses nothing more than this Judge's impartial decisions on the various motions presented. On February 23, 2018, I denied initial motions to dismiss, thus allowing Plaintiff's claims to proceed. On November 13, 2018, I denied in part a second motion to dismiss, and I

---

[16] *Pazuniak*, 2017 WL 656766, at *2 (quoting *Reeder v. Del. Dept. of Ins.*, 2006 WL 510067, at *23 (Del. Ch. 2006), and citing *Desmond*, 2011 WL 91984, at *6).
[17] *BAC*, 2012 WL 1413608, at *3.

also denied a request by Defendants for costs and attorneys' fees based upon alleged bad faith prosecution of certain claims in the litigation.

With regard to the particular matter concerning which Plaintiff accuses this judicial officer of bias, *i.e.*, consideration of the Motion to Amend, the Court reiterates that it did not permit Defendants Welcome, Alexis, and Liveinde.com to file the Motion to Amend via email, nor did the Court engage in *ex parte* communications with those Defendants. Rather, the Court reached out to Plaintiff (in a communication that itself was not *ex parte*), after the Motion to Amend had been properly e-filed, to obtain Plaintiff's position on the Motion to Amend. The filing Defendants had represented to the Court that they had attempted to obtain Plaintiff's position on the Motion to Amend, but that she had not responded. By reaching out to Plaintiff via email, the Court was attempting to provide Plaintiff with an opportunity to state her position before the Court ruled on the Motion to Amend, particularly as there was only one day before the expiration of the dispositive motion deadline, and the Court needed to make a quick decision.

The Court acknowledges that the email communication from this Judge's Civil Case Manager on April 2, 2019, may have created some initial confusion regarding these matters. However, the Civil Judicial Operations Manager, Ms. Mei-Ling Cosgrove, sent Plaintiff subsequent communications clearly explaining to Plaintiff that the Court had not allowed Defendants to email their motion nor had the Court engaged in *ex parte* communications with Defendants:

> **E-Mail from Adrienne Bailey:**
> Good Morning Ms. Batchelor-
> On April 1, 2019, Mr. Huestis & Mr. Rushe[,] attorneys for Defendants Alexis Properties, LLC, John Welcome, and Liveinde.com, Inc. d/b/a Welcome Home Realty filed a Motion to Amend the Scheduling Order issued by the Court.

The Court normally does not accept emails as official filings, however due to the timeliness of this matter, the Court is making an exception per Judge Primos. Please respond to this email no later than Noon on April 3, 2019 with your position.[18]

**E-Mail from Janet Batchelor:**

I strongly oppose a motion to amend the scheduling order. It is highly improper to file a motion via email, and I object to Judge Primos allowing this travesty of justice. I am entitled to due process. I should not be prejudiced because opposing counsel refuses to abide by the rules of civil procedure and Judge Primos refuses to enforce them. It seems that yet again Mr. Rushe has communicated ex-parts [sic] and a decision has been made before I am even aware that an issue has come up. An impartial decision maker is an essential right. In the hearing on March 14, my civil rights were violated at minimum a dozen times. And now this. I believe a recusal is in order.[19]

**E-Mail from Mei-Ling Cosgrove:**

Ms. Bachelor [sic],

I do not believe that you have received the filing via us [sic] mail yet. Defendants filed the motion via e-file yesterday and it was accepted today. Adrienne, as an oversite [sic] forgot to attach the Motion for your review. I have attached the motion and the two orders from hearing [sic] before Commissioner that the defendants are addressing in their motion. The proposal to Amend the Scheduling Order is because the Commissioner changed the dates from the original scheduling order, also attached.

There has been no ex-parte communication between Counsel and the Court. The motion was filed, it was given to Judge Primos for review. He instructed that he wanted Plaintiff's response by noon on April 3, 2019. In light of that, he authorized Adrienne to contact you by e-mail, copying all parties, requesting the [sic] you respond to the motion via e-mail by noon tomorrow. If you would prefer to file your response in person with the Court, you would need to do so by noon tomorrow, April 3, 2019.[20]

---

[18] E-mail from Adrienne Bailey, Civil Case Manager to Judge Primos, to Janet Batchelor, Plaintiff (Apr. 2, 2019, 11:40 EST) (Docket Item #175).

[19] E-mail from Janet Batchelor, Plaintiff, to Adrienne Bailey, Civil Case Manager to Judge Primos (Apr. 2, 2019, 14:06 EST) (Docket Item #175).

[20] E-mail from Mei-Ling Cosgrove, Civil Judicial Operations Manager, to Janet Batchelor, Plaintiff (Apr. 2, 2019, 14:48 EST) (Docket Item #175).

8

**E-Mail from Janet Batchelor:**
1. I am entitled to notice.
2. I have not received notice.
3. I have no access to file and serve as a Pro se plaintiff.
4. I have not received or seen the orders apparently issued on 3-14.
5. Adrienne's e-mail clearly states the motion was filed via e-mail.
6. The scheduling order was <u>not changed</u> at the hearing, unless it was done ex-parte.
7. It appears that Judge Primos is giving me less than 24 hours to respond to a motion that has not been noticed.[21]

**E-Mail from Mei-Ling Cosgrove:**
Ms. Batchelor,
When re-reading Adrienne's e-mail, I can see where you thought the Motion was e-mailed; It was not. (I attached the e-filed copy for you). When she was composing the e-mail, she did so thinking that you would know what she was talking about, but she forgot to attach the motion for your review. . . .

On April 1st[,] Defendants E-Filed in File and Serve a Motion to Extend the Deadlines (Deadline to file Dispositive Motions is today, April 3, 2019). At the March 14th Motions, Commissioner Freud extended some of the deadlines in open court in which you appeared (I attached those orders for you).

Judge Primos, in the interest of time was allowing you to respond to the E-Filed Motion by e-mail. The reason the deadline was set for today at noon is that your Dispositive Motion deadline is today by 5 p.m. You would only have a few hours to file your Dispositive Motions.[22]

The email correspondence quoted above demonstrates Court personnel's patience with Plaintiff and their desire to ensure that Plaintiff understand the procedural context of the Court's request. Besides explaining to Plaintiff where the

---

[21] E-mail from Janet Batchelor, Plaintiff, to Mei-Ling Cosgrove, Civil Judicial Operations Manager (Apr. 2, 2019, 16:58 EST) (Docket Item #175) (emphasis in original).
[22] E-mail from Mei-Ling Cosgrove, Civil Judicial Operations Manager, to Janet Batchelor, Plaintiff (Apr. 3, 2019, 8:38 EST) (Docket Item #175).

initial confusion occurred, the emails from Ms. Cosgrove also forwarded Defendants' motions to Plaintiff so that she could review them and, ultimately, Plaintiff was able to state her position opposing the Motion to Amend via email before the expiration of the dispositive motion deadline.

Furthermore, when the Court ultimately ruled on the Motion to Amend, it did not grant Defendants the full relief that they were seeking, which included an extension of both the dispositive motion deadline and the deadline for motions *in limine*. Rather, the Court granted an extension only of the dispositive motion deadline, which was reasonable given the limited discovery extensions that had previously been granted by the Commissioner.

Viewed objectively, it is clear that the Court is interested in "enforcing its procedural requirements and managing this litigation in a fair and efficient manner," and that the Court's decision is not the result of any personal animosity against Plaintiff.[23] For this reason, and the other reasons stated herein, I find that there is no legitimate basis for disqualification or recusal of this Judge.

### C. General Allegations Against the Court

Plaintiff has alleged in her Motion that this Court has violated standards under the Americans With Disabilities Act (hereinafter the "ADA") with respect to her requests for accommodations for her hearing impairment. First of all, these contentions do not support a request for recusal, as neither this Judge nor the Commissioner personally interacted with Plaintiff regarding her requests to Court staff for accommodations leading up to the March 14, 2019, hearing before the Commissioner. Secondly, the Court finds no basis in Plaintiff's allegations for her contention that the Court has failed to respond appropriately to Plaintiff's requests

---

[23] *BAC*, 2012 WL 1413608, at *4.

for accommodation, or that her rights were otherwise violated under the ADA with respect to those requests.[24]

Plaintiff has also asserted that she "cannot receive a fair hearing or trial in Superior Court Kent County[,] Delaware" and has requested that her case be transferred to a judge of this Court sitting in New Castle County. As explained in this Order and in the Commissioner's order of this date, there is no basis for Plaintiff's assertions regarding unfair treatment. Moreover, her request for a transfer to a judge sitting in another county appear to be an inappropriate attempt at "judge-shopping."[25]

### D. Defendants' Request for Sanctions

Lastly, the Court will briefly address Defendants' request for sanctions against Plaintiff under Superior Court Civil Rule 11. Rule 11(c) enables a judge to impose an "appropriate sanction" on attorneys and unrepresented parties who violate the provisions of Rule 11(b). Rule 11(b) requires that representations to the Court, including all pleadings and written motions, be made in good faith and not for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."[26] All claims, defenses, and other legal contentions

---

[24] The Court provided Plaintiff with audio equipment at all previous hearings and did not proceed with the hearing unless the equipment was functioning properly, and advised Defendants to speak into the microphone and confirmed that Plaintiff could hear counsel. Additionally, Plaintiff has incorrectly interpreted the requirements for this Court under the ADA. The Court notes that the docketing of Plaintiff's request for accommodation is not in and of itself a violation of the confidentiality requirements under the ADA as alleged by Plaintiff in her motion, particularly as no protected health information has been requested by Defendants or the Court, nor has Plaintiff demonstrated any harm in its disclosure of this information to the parties to this suit. Moreover, Title II of the ADA does not require this Court to employ an "ADA coordinator" or institute specific "grievance procedures" for an alleged violation under the ADA.

[25] *See BAC*, 2012 WL 1413608, at *5 ("As the Supreme Court suggested in the *Los* case, there is a compelling policy reason for a judge not to disqualify herself at the behest of a party who claims an appearance of prejudice, without a factual or reasonable objective basis to do so. In the absence of genuine bias, a litigant should not be permitted to 'shop' for a judge of his or her choosing.").

[26] Del. Super. Ct. Civ. R. 11(b).

made in pleadings or written motions must, to the best of that person's knowledge, be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."[27]

In this case, Defendants request an award of their attorney's fees in the amount of approximately $1,000, with additional fees of approximately $500 for appearance at the previous motion hearing. Defendants argue that Plaintiff's Motion to Recuse demonstrates a clear contempt for the Court, as Plaintiff makes various accusations against the Commissioner and this Judge of "bias," "impartiality," and "violating" Plaintiff's civil rights "more than a dozen times," without any evidence or support for these allegations. Moreover, Defendants assert that they were required to spend several hours researching Plaintiff's claims under the ADA and her requested relief to change the trial location, all of which are meritless claims.

The Court has reviewed Plaintiff's Motion, as well as the arguments made by both parties. While the Court disagrees with Plaintiff's contentions regarding this Judge's bias or prejudice, the Court is mindful of Plaintiff's self-represented status and that the initial email from the Court's staff to Plaintiff was not perfectly clear regarding what the Court was allowing to be filed via email. Moreover, Delaware courts rarely impose Rule 11 sanctions, and it is well-established in this Court that "sanctions should be reserved for those instances where the Court is reasonably confident that an attorney [or unrepresented party] does not have an objective good faith belief in the legitimacy of a claim or defense."[28] An objective good faith means that the conduct of the party was objectively reasonable.[29] Ultimately, this Court is

---

[27] *Id.*
[28] *McLeod v. McLeod*, 2015 WL 1477968, at *1 (Del. Super. Mar. 31, 2015) (quoting *Smith v. Donald L. Mattia, Inc.*, 2012 WL 252271, at *5 (Del. Ch. Jan. 13, 2012)).
[29] *McLeod*, 2015 WL 1477968, at *1.

not convinced that Plaintiff had no good faith belief in the legitimacy of her claims for recusal.

**WHEREFORE**, for the foregoing reasons, Plaintiff's Motion to Recuse is **DENIED,** and Defendants' request for sanctions is **DENIED.**

**IT IS SO ORDERED.**


/s/ Noel Eason Primos
Judge


NEP/wjs
*Via File & ServeXpress and U.S. Mail*
oc:   Prothonotary
cc:   Janet Batchelor
      Counsel of record