IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES MONROE, | § | |
| | § | No. 142, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 2008007670 (N) |
| Plaintiff Below, | § | 2008006017 (N) |
| Appellee. | § | 2009006454 (N) |

Submitted: September 8, 2021
Decided: November 2, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

# **O R D E R**

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     Charles Monroe appeals the Superior Court's April 20, 2021 violation of probation ("VOP") sentencing order. We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2)     On December 15, 2020, Monroe resolved three criminal cases by pleading guilty to (i) one count of aggravated menacing and one count of attempted reckless burning in Criminal ID No. 2008007670; (ii) one count of aggravated menacing in Criminal ID No. 2008006017; and (iii) one count of resisting arrest in Criminal ID No. 2009006454. The Superior Court sentenced Monroe in accordance

with the plea agreement to an aggregate of 12 years of Level V incarceration, suspended for 18 months of Level III probation (GPS monitoring).

(3) On February 23, 2021, the Superior Court found that Monroe had violated the terms of his probation and resentenced him to an aggregate of 11 years and 237 days of Level V incarceration, suspended for 18 months of Level III probation (GPS monitoring). The VOP sentencing order reflects that the Superior Court advised Monroe that he would serve Level V time if he violated the terms of his probation again.

(4) In April 2021, Monroe's probation officer filed an administrative warrant with the Superior Court alleging that Monroe had violated the terms of his probation by, among other things, leaving the state without permission. On April 20, 2021, Monroe appeared before the Superior Court and, through counsel, admitted that he had violated the terms of his probation. After discussing the need for a treatment plan to address Monroe's mental health issues, the Superior Court resentenced Monroe to an aggregate of ten years and six months, suspended after six months for one year of Level III probation (GPS monitoring).[1] This appeal followed.

(5) In his opening brief on appeal, Monroe does not dispute that he violated the terms of his probation. Rather, Monroe asserts that the Superior Court did not

---

[1] The Superior Court discharged Monroe as unimproved from probation in Criminal ID No. 2009006454.

2

take his mental health treatment needs into account when fashioning his sentence and, because he has served more than 11 months at Level V—the Truth-In-Sentencing guideline maximum for aggravated menacing—the only remedy for the Superior Court's alleged failure is to discharge Monroe from probation. In connection with his argument that his mental health needs were not considered, Monroe argues that the Superior Court judge should have recused himself.

(6)     We find no merit to Monroe's contentions. As a preliminary matter, because Monroe did not argue that the Superior Court judge should have recused himself below, he has waived that argument on appeal.[2] In any event, recusal was not warranted because Monroe does not allege—and the record does not reflect—that the trial judge harbored any bias against him.[3] And Monroe's claim that the judge did not consider his mental health treatment needs is belied by the transcript of the VOP hearing and the VOP sentencing order. The Superior Court and defense counsel engaged in a lengthy discussion regarding Monroe's need for mental health treatment. And the sentencing order directs Monroe to complete programs as recommended by the Department of Correction while incarcerated and to be evaluated for placement with a mental health treatment program upon his release.

---

[2] Del. Supr. Ct. R. 8.

[3] *See Los v. Los*, 595 A.2d 381, 384 (Del. 1991) ("To be disqualified the alleged bias or prejudice of the judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." (internal quotation marks and citations omitted)).

(7)     Although Monroe does not explicitly argue that his VOP sentence was illegal, we will nevertheless review it.  After Monroe admitted violating the terms of his probation, the Superior Court was authorized to impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[4]  Although Monroe faced more than 11 years in backup Level V time, the Superior Court sentenced Monroe to ten years and six months of Level V time, suspended after six months for twelve months of Level III probation (GPS monitoring).  That is, the sentence imposed by the Superior Court falls within statutory limits, is not excessive, and in no way indicates that the sentencing judge sentenced Monroe with a closed mind.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[4] 11 *Del. C.*§ 4334(c).