# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

YIMAO ZHANG,                            )
                                        )
    Appellant                     )
    Defendant Below,              )
                                        )
    v.                            )    C.A. No. CPU6-21-000795
                                        )
JACK LINGO, INC., REALTOR               )
                                        )
    Appellee                      )
    Plaintiff Below.              )
                                        )

Submitted: September 6, 2022
Decided:  September 13, 2022

Yimao Zhang                         David C. Hutt, Esquire
108 Belfast Road                    Michelle G. Bounds, Esquire
Timonium, MD 21093                  Morris James LLP
*Appellant Pro Se*                  107 W. Market Street
                                    Georgetown, DE 19947
                                    *Attorneys for Appellee*

## ORDER ON
## APPELLANT'S MOTION FOR RECUSAL OF JUDGE RAE M. MIMS

On Appellant's Motion for Recusal of Judge Rae M. Mims. **DENIED**.

By Opinion dated August 5, 2022, the Court granted Appellee's Motion to Dismiss. The Court held: Appellant may not attach a Countercomplaint and may only be heard as to the Motion to Vacate Judgment on a *de novo* appeal from the Justice of the Peace Court. In addition, the Court found no evidence Appellee or its legal counsel violated the Court of Common Pleas Civil Rule 11(b) requiring sanctions.

Appellant has previously filed a Motion for Reargument and a Request for an Interlocutory Appeal. In the Motion for Recusal Appellant states "Judge Mims has demonstrated in the order dated August 5th that she is so biased that she can even twist the fundamental court rule 'appeal de novo'; thus Appellant has no trust in her capability to serve justice in any judgment she can possibly make and it is going to be a waste of resources to let her continue fooling around." In addition, Appellant states "[O]n the March 25 hearing held by Commissioner, even though Appellant was not feeling comfortable about the disclosure made by Commissioner, Appellant realized that the disclosure itself is a demonstration of being frank and honorable, and expressed the wish to keep Commissioner to continue judging this case in the letter submitted to this court on March 29. It was a surprise to see a different judge appearing at May 25 court hearing."

The Court has reviewed the Motion and the docket in this civil action. The Court has determined that no hearing is necessary on the Motion. On March 22, 2022, this honorable Court held a pre-trial conference for this civil action. The Commissioner informed Appellant of a conflict as he was a good friend of, David C. Hutt, Esquire, the legal counsel for Appellee and their daughters were good friends as well. Appellant stated she did not want the Commissioner to hear the matter after the disclosure. Upon learning that the Motion to Dismiss would be heard by a Judge, Appellant stated she had changed her mind and the Commissioner could hear the case. The Commissioner determined that since Appellant had expressed discomfort after the disclosure initially on the record, and he believed there was a conflict with hearing the matter, it would be scheduled with a Judge for determination.

In a letter dated March 25, 2022, Appellant sent a letter to the Court concerning Commissioner Bucklin and the pre-trial conference. Plaintiff asserted her answer regarding the conflict was not thoughtfully prepared and Appellant was uncomfortable with a judge in Delaware

in general. Appellant went on to state she was uncomfortable because she was unsure any Delaware judge could act impartially due to her experience with the lower court. Appellant stated she had requested a couple of times to disqualify a judge who obviously had a close relationship with legal counsel for Appellee and was completely biased but the lower court judge refused to recuse himself. Appellant asserted it would be difficult to identify a judge who has not had a relationship with legal counsel for Appellee and there is no way Appellant can find out how close he has been to a judge. Finally, Appellant asserts legal counsel for Appellee is attempting to hijack and surpass Delaware laws.

When faced with potential conflict, the Court—here, the particular judge – is required to engage in a two-part analysis.[1] First, the judge must subjectively determine if he can hear the case free of bias.[2] Second, even if the judge is satisfied and finds there is no actual bias, there may be situations where, absent actual bias, the appearance of bias may cause doubt as the judge's impartiality.[3] When this occurs, the judge must then objectively determine whether there is an appearance of bias sufficient to case doubt on their impartiality.[4] If a judge's decision or demeanor would cause an objective, reasonable, observer viewing the circumstances to conclude that a fair or impartial hearing is unlikely, then recusal is appropriate.[5] In other words, the question to be answered is whether an objective observer would entertain reasonable questions about the judge's impartiality, thus warranting recusal.[6] The totality of the circumstances must be considered to determine whether there are sufficient grounds to doubt the judge's impartiality.[7] However, in the

---

[1] *Los v. Los*, 595 A.2d 381, 384 (Del. 1991).
[2] *Id.* At 384-385.
[3] *Id.* At 385.
[4] *Id.*
[5] *Fritzinger v. State*, 10 A.3d, 603, 611 (Del. 2010).
[6] *Gattis v. State*, 955 A.2d 1276, 1285 (Del. 2008).
[7] *Fritzinger*, 10 A.3d at 613.

3

absence of any objective bias, the judge is not obligated to recuse themselves from the proceedings.[8]

Appellant fails to support her claim of bias apart from being unhappy that Appellee's Motion to Dismiss was granted and Appellant having no trust in my capabilities to serve justice in any judgment I could make. Specifically, the Motion fails to satisfy either prong of the *Los* test. I have no prior dealings with either party and I have no personal interest in the outcome of the case. I have no problem hearing Appellant's Motion to Vacate Judgment appeal from the Justice of the Peace Court.

Unlike the Commissioner, I have no personal relationship with legal counsel for Appellee. In the Court's recent memory, I have rarely had legal counsel for Appellee practice before me. While an attorney may appear before a judge in a professional capacity, Appellant fails to recognize this does not mean there is bias. Appellant's claim that legal counsel for Appellee has worked as an attorney for many years and any judge would have bias hearing his case is unfounded.

THEREFORE, Appellant's Motion for Recusal of Judge Rae M. Mims is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Rae M. Mims
Judge

Cc:     Shelly Swafford, Judicial Case Manager Supervisor

---

[8] *State v. Desmond*, 2011 WL 91984 at * 6 (Del. Super. January 5, 2011).

4