**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

May 10, 2023

***Via Electronic Mail***:
Alex Mathew
Alfromdc202@gmail.com

      RE: ***In re AMC Entertainment Holdings, Inc. Stockholder Litigation,***
            Consol. Civil Action No. 2023-0215-MTZ

Dear Mr. Mathew:

    I write to address your two motions to recuse Special Master Amato.[1] The first is denied, and I reserve judgment on the second pending Special Master Amato's submission of an affidavit concerning her alleged conflict.

    The first motion begins with the premise that Special Master Amato has a brother who edits movies and films "in the entertainment industry, specifically in Hollywood."[2] It argues the nature of Hollywood is such that Special Master Amato's brother might face reprisal if her "rulings fall out with the industry."[3] I interpret this motion to seek disqualification under Rule 2.11(A)(2)(c) of the Delaware Judges' Code of Judicial Conduct (the "Code of Judicial Conduct").[4]

    The Code of Judicial Conduct has codified the standard for disqualification based on an apparent or actual conflict or bias.[5] And while Special Master Amato is not a judicial officer, she is performing the duties of one subject to exception and *de novo* review, and so I apply the same standards to her. Rule 2.11 governs disqualification, and provides in relevant part:

---

[1] Docket Item ("D.I.") 230; D.I. 241.

[2] D.I. 230 ¶ 3.

[3] *Id.* ¶ 5.

[4] Del. Judges' Code of Judicial Conduct (2008) [hereinafter "Code Jud. Con."].

[5] *See Meso Scale Diagnostics, LLC v. Roche Diagnostics GmbH*, 247 A.3d 229, 242 (Del. 2021).

> (A) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
> (1) The judge has a personal bias or prejudice concerning a party[;]
>
> (2) The judge, . . . or a person within the third degree of relationship, calculated according to the civil law system,
>
> . . .
>
> (c) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding[.][6]

The Code of Judicial Conduct defines "third degree of relationship calculated according to the civil law system" to include a judicial officer's brother.[7] Where disqualification is sought under Rule 2.11(A)(2)(c), the standard is objective, any subjective belief of impartiality "is irrelevant," and the Court will undertake only an objective inquiry.[8]

For purposes of this motion, I will assume the motion is correct that Special Master Amato has a brother who works in the entertainment industry in Hollywood, California. (The motion does no more than point out that the two share a surname.) It is difficult to imagine how Special Master Amato's report and recommendation on an AMC stockholder's objection, letter of support, or motion could "substantially affect[]" any interest her brother may have as an editor.[9] I can envision no set of circumstances in which any of Special Master Amato's reports or recommendations could so anger Hollywood's entertainment industry that it would blacklist or otherwise retaliate against her brother. Disqualification is not warranted under Rule 2.11(A)(2)(c).

The second motion alleges Special Master Amato may not be impartial with regard to Mark Lebovitch, Esq., of Bernstein Litowitz Berger & Grossmann LLP, who has entered his appearance on behalf of plaintiffs in this case. The motion asserts Special Master Amato and Mr. Lebovitch worked together on *In re Globe*

---

[6] Code Jud. Con. R. 2.11.

[7] *Id.* at 8.

[8] *See Los v. Los*, 595 A.2d 381, 384 (Del. 1991).

[9] Code Jud. Con. R. 2.11.

*Specialty Metals, Inc. Stockholders Litigation*, C.A. No. 10865-VCG (Del. Ch.). A review of that docket indicates that indeed, Special Master Amato's firm and Mr. Lebovitch's firm served as co-lead counsel for the plaintiffs in that case, and both Special Master Amato and Mr. Lebovitch entered appearances. The case concluded when Vice Chancellor Glasscock approved a final settlement in February 2016. The motion states that Special Master Amato's co-representation of lead plaintiffs with Mr. Lebovitch in that matter, which concluded nearly seven years ago, "raises reasonable questions regarding her impartiality."[10] I interpret the motion as seeking disqualification under Rule 2.11(A)(1).

Our Supreme Court has set forth the standard where one seeks disqualification of a judicial officer under Rule 2.11(A)(1):

> [T]he judge must engage in a two-part analysis to determine if recusal is warranted. First, the judge must determine whether she is subjectively satisfied that she can hear the case free of bias or prejudice concerning the party seeking recusal. Second, "even if the judge believes that he or she is free of bias or prejudice, the judge must objectively examine whether the circumstances require recusal because 'there is an appearance of bias sufficient to cause doubt as to the judge's impartiality.'"[11]

Special Master Amato's past representation in *In re Globe Specialty Metals* does not give rise to an objective appearance of bias in favor of Mr. Lebovitch or his clients. Serving as co-lead counsel in a case nearly seven years ago creates no logical concern that Special Master Amato would favor Mr. Lebovitch or his clients in her recommendations in this matter. The fact that the movant "has no way of knowing if both parties have been communicating outside this court"[12] does not change that result. One could say this of any judicial officer and any other person, but absent any reason to think such communications exist and that such communications are of such a nature that would create or reflect a bias, this unknown does not contribute to the objective appearance of bias.

---

[10] D.I. 241 ¶ 4.

[11] *Meso Scale Diagnostics*, 247 A.3d at 242 (quoting *Stevenson v. State*, 782 A.2d 249, 255 (Del. 2001)).

[12] D.I. 241 ¶ 4.

While it is clear this second motion does not point to an objective appearance of bias, I cannot conduct the subjective analysis required by our case law interpreting Rule 2.11(A)(1), namely whether Special Master Amato believes she can "hear the case free of bias or prejudice."[13] I ask that Special Master Amato submit an affidavit regarding her subjective belief as to whether she may resolve motions in this case free of bias in light of her service alongside Mr. Lebovitch in the *In re Globe Specialty Metals* matter. If, upon reviewing that affidavit, I am satisfied that Special Master Amato undertook the subjective analysis required by our law, I will deny the second motion.[14]

No further briefing is required on these motions. I appreciate your interest in this matter and your desire for an impartial Special Master. I believe the concerns raised in the first motion are unfounded, and so that motion is denied. **IT IS SO ORDERED.** I believe the second motion fails to raise any objective concern as to Special Master Amato's impartiality. But because I cannot determine whether disqualification is appropriate under Rule 2.11(A)(1) absent a subjective analysis of bias or prejudice, I reserve judgment on that motion until Special Master Amato submits an affidavit to the Court.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc:     All Counsel of Record, via *File & ServeXpress*

---

[13] *Meso Scale*, 247 A.3d at 242.

[14] *See Los*, 595 A.2d at 385 ("On appeal of the judge's recusal decision, the reviewing court must be satisfied that the trial judge engaged in the subjective test and will review the merits of the objective test.").