**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| TRUIST BANK, formally known as | ) | |
| Branch Banking and Trust Company, | ) | |
|     Plaintiffs, | ) | |
| | ) | C.A. NO. N23C-02-243 DJB |
|       v. | ) | |
| | ) | |
| JOSEPH B. ELAD, | ) | |
|     Defendant. | ) | |

Submitted: November 13, 2023
Decided: December 11, 2023

## ORDER DENYING DEFENDANT'S MOTION FOR INJUNCTION AND DISQUALIFICATION

This 11th day of December, 2023, upon consideration of Defendant Joseph B. Elad's ("Defendant") Motion for Injunction and Disqualification,[1] the record of this civil action ("Ejectment Action"); and the record of the related *Sci Fa Sur* Mortgage Action (the "Foreclosure Action"),[2] it appears to the Court that:

1. On September 8, 2021, this Court entered judgment against Defendant Joseph B. Elad ("Defendant") in the Foreclosure Action.[3]

2. Defendant unsuccessfully moved to stay and vacate the judgment in the Foreclosure Action on numerous occasions.[4]

---

[1] N23C-02-243 DJB - D.I. D.I. 37, 38; 47.
[2] N17L-06-100 EMD.
[3] N17L-06-100 EMD - D.I. 50, 53, 82.
[4] N17L-06-100 EMD - D.I. 53, 57, 59, 64, 73-74.

3.    On March 8, 2022, 2700 Philadelphia Pike, Claymont, DE (the "Property") was purchased at Sheriff Sale by Plaintiff.[5]

4.    Following the sale, Defendant filed multiple amended counterclaims against Plaintiff alleging lack of due process, fraud, conspiracy, and judicial misconduct, among other theories.[6]    On June 30, 2022, the Court dismissed Defendant's counterclaims with prejudice, noting the time to file such counterclaims expired under Rule 13 of the Delaware Superior Court Rules of Civil Procedure.[7]    Notably, Defendant's counterclaims generally reasserted previously denied claims seeking to vacate or stay the Sheriff's Sale.[8]    Defendant continued to file repetitive motions, which led the Court to reject future filings from Defendant without leave of the Court.[9]

5.    After the conclusion of the Foreclosure Action, Defendant continued to occupy the Property, prompting Plaintiff to file the instant Ejectment Action on February 28, 2023.[10]

6.    On March 24, 2023, the Court issued a Rule to Show Cause, to which Defendant responded on April 25, 2023.[11]    That same day, Defendant filed a host

---

[5] N17L-06-100 EMD - D.I. 80.
[6] N17L-06-100 EMD - D.I. No. 77-78, 81, 86, 90.
[7] N17L-06-100 EMD - D.I. 82.
[8] N17L-06-100 EMD - D.I. 53, 59, 64.
[9] D.I. 95.  In so deciding, the Court determined the repetitive filings were frivolous.
[10] N23C-02-243 DJB - D.I. 1.
[11] N23C-02-243 DJB - D.I. 3, 9.

of counterclaims against Movants, which largely seek to relitigate issues considered and denied by this Court in the Foreclosure Action.[12]  On May 30, 2023, Movants moved to dismiss the counterclaims.[13]  That motion was granted and the counterclaims were dismissed.[14]  The Writ of Ejectment/Possession requested in the initial Complaint was then Ordered.[15]  The Court, however, declined to award costs to Plaintiff, despite the numerous attempts made to evade the legal process by Defendant by means of continuous, legally baseless filings.[16]

7.     Defendant filed a Motion to Reopen[17] the ejectment action, which was denied.[18]  Defendant also filed a Writ of Habeas Corpus and Writ of Mandamus.[19] Both of which were also denied.[20]

8.     Defendant filed the instant Motion for Recusal and Dismissal of the prior Court Orders and a demand to "hear habeas corpus" on November 3, 2023, and they were docketed on November 6, 2023.  Defendant supplemented these motions on November 13, 2023, including a request for an immediate injunction.[21] The basis for this motion lies in the fact that Defendant attempted to file a

---

[12] N23C-02-243 DJB - D.I. 10.
[13] N23C-02-243 DJB - D.I. 20.
[14] N23C-02-243 DJB - D.I. 35.
[15] N23C-02-243 DJB - D.I. 44.
[16] N23C-02-243 DJB - D.I. 35.
[17] N23C-02-243 DJB - D.I. 37.
[18] N23C-02-243 DJB – D.I. 45.
[19] N23C-02-243 DJB - D.I. 42.
[20] N23C-02-243 DJB – D.I. 46.
[21] N23C-02-243 DJB – D.I. 37, 38; 47.

counterclaim to the ejectment action, accusing this judicial officer of misconduct, requesting a sum of money for damages and thus now alleges this judicial officer has a conflict of interest as a result. Defendant additionally alleges that because this judicial officer dismissed the Writ for Habeas Corpus, there was a violation of duties and recusal should follow.[22]

9. When faced with a motion for recusal, a judge must undergo a two-step analysis in deciding whether to disqualify him or herself. First, the judicial offer must be "subjectively satisfied that he or she can proceed to hear the cause free of bias or prejudice concerning [the] party."[23] Next, the judicial officer must "examine objectively whether the circumstances require recusal because of an appearance of bias sufficient to cause doubt as to the judge's impartiality." The Court is also to be mindful of the Delaware Judge's Code of Conduct Rule 2.7(A), which mandates a judge's duty to sit unless and until the judge is disqualified or convinced of the need to recuse.

10. Here, under the subjective analysis, this judicial officer is convinced of the ability to proceed without bias or prejudice for Mr. Elad. The Court is sympathetic to his situation, however, has an obligation to follow the law. All of the previous decisions of this Court have been based solely upon the applicable law and not based on any preconceived notions with respect to Mr. Elad, nor does the

---

[22] *Id.*

[23] *Gattis v. State*, *Los v. Los*, 595 A.2d 381, 384-385 (Del. 1991).

Court have any such notions. Second, after objectively evaluating the circumstances, the Court does not find that there is the appearance of bias or impropriety sufficient to warrant recusal. The record of this case evidences that while Mr. Elad has not been successful on the substantive motions filed in defense of this ejectment action, Mr. Elad has prevailed in that 1) costs were not awarded and that 2) Mr. Elad was given the opportunity to be heard for oral argument on his motions upon his request, although he ultimately failed to appear.

11. The fact that this judicial officer was the subject of the attempted counterclaim did not and will not factor into any decision making of the Court, nor is there a risk of that perception given the procedural history of decisions in this case.[24]

12. As a result, the Motion for Disqualification is **DENIED**.

13. Likewise, the Motion for Injunction is **DENIED** as the basis for the requested injunction cited is the request for this judicial officer's recusal.

---

[24] The fact that the Court's November 3, 2023, Order notating security concerns as one of the reasons that the Motion to Dismiss was to be held virtually and not in a live courtroom was not based upon any preconceived notions of the judicial officer, but was for a myriad of reasons, including the numerous filings in this case, the obvious emotional toll on Mr. Elad surrounding this litigation as evidenced by of his filings and staffing and logistical issues faced by the Court.

THEREFORE, Defendants multiple Motions filed for Disqualification, Dismissal of the November 3, 2023, and the accompanying Motion for an Immediate Injunction are **DENIED**.

**IT SO ORDERED.**

_____
Danielle J. Brennan, Judge

Cc:    Counsel via File&Serve Express
Joseph E. Elad (via United States Postal Service)