COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

August 12, 2024

Itshak On
Keren-Or On
24 Haavoda St.
Tel-Aviv, Israel 6382132

J. Clayton Athey, Esq.
Seth T. Ford, Esq.
Prickett, Jones & Elliott, P.A.
1310 N. King Street
Wilmington, DE 19801

Re:    *Kulak v. Itshak On, et al.*
       C.A. No. 2023-0011-KSJM

Dear Counsel and Parties:

This letter resolves the defendants' motion to recuse.[1] The defendants argue that I should recuse myself from this action because I partially ruled in favor of the plaintiff on the parties' earlier motions. The defendants say that this "demonstrated a discernible bias against" them.[2]

The impartiality of the presiding judge "is a fundamental principle of the administration of justice."[3] The Delaware Supreme Court has held that "[a]s a matter of due process, a litigant is entitled to neutrality on the part of the presiding judge

---

[1] C.A. No. 2023-0011-KSJM, Docket ("Dkt.") 105 ("Mot. to Recuse").

[2] *Id.* at 16. The defendants assert their arguments under 28 U.S.C. § 445, which does not apply to Delaware state courts. *In re AMC Ent. Hldgs., Inc. S'holder Litig.*, 2023 WL 6012794, at *1 n.8 (Del. Ch. Sept. 15, 2023), *aff'd*, 2024 WL 2305792 (Del. May 22, 2024). Instead, I rely on Delaware's relevant standards, which is Delaware Judges' Code of Judicial Conduct Rule 2.11.

[3] *Los v. Los*, 595 A.2d 381, 383 (Del. 1991).

but the standards governing disqualification also require the appearance of impartiality."[4]

Determining whether the presiding judge has a personal bias or prejudice requires that the court engage in a two-part analysis.[5]  First, "[s]he must, as a matter of subjective belief, be satisfied that [s]he can proceed to hear the cause free of bias or prejudice concerning that party."[6]  "Second, even if the judge believes that [s]he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality."[7]  Delaware's approach to recusal "reflects an obvious tenet: that there is a duty incumbent on judges not to unreasonably burden fellow judges by recusing in response to a weak argument for disqualification."[8]

Both prongs are met here.  I am satisfied that I can hear this action free of bias and prejudice.  And there have been no circumstances that have created an appearance of bias sufficient to cast doubt as to my impartiality.[9]

---

[4] *Id.* at 383 (citing *Ungar v. Sarafite*, 376 U.S. 575, 588 (1964)).

[5] *Id.* at 384–85.

[6] *Id.*

[7] *Id.* at 385 (citation omitted).

[8] *State v. Desmond*, 2011 WL 91984, at *12 (Del. Super. Jan. 5, 2011) (internal quotation marks and citation omitted), *aff'd*, 29 A.3d 245 (Del. 2011) (TABLE).

[9] The defendants believe that "only a judge with a public sector background can maintain the requisite impartiality to adjudicate this matter fairly."  Def's Mot. to Recuse at 15–16.  I disagree.  But I also note that I began my legal career as a staff attorney with the Community Legal Aid Society, Inc.

Instead of identifying instances of personal bias or prejudice, the defendants merely raise several objections to my prior rulings.[10] Substantive disagreements with prior rulings are not grounds for recusal.[11]

Accordingly, the motion is denied.

The plaintiff asks that I shift the fees he incurred in responding to this motion because, to the plaintiff, the motion is "frivolous."[12] Fee shifting is not warranted here. The defendants' arguments were not meritorious, but beyond pointing to my warning in the May 28, 2024 Letter Decision,[13] the plaintiff has not shown that the defendants' actions in connection with this motion meet the heavy burden necessary to shift fees for improper litigation conduct.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[10] *Id.* at 7–15.

[11] *In re AMC*, 2023 WL 6012794, at *2 ("He contends that . . . I 'abuse[d]' the Full Faith and Credit Clause of the United States Constitution by not requiring the settlement to include an opt-out right. Holland's points may be grounds for appeal, but they are not grounds for recusal." (citation omitted)).

[12] Dkt. 106 ¶ 12.

[13] *Kulak v. On*, 2024 WL 2735436, at *4 (Del. Ch. May 28, 2024), *dismissing appeal*, 2024 WL 3242126 (Del. July 1, 2024).