**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| DEBRA RENDE and PAULA LOMBARD, as Co-Trustees of the June E. Rende Revocable Trust U/D/T dated June 10, 2015, as amended, | ) ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | C.A. No. 2021-0734-SEM |
| FRANK RENDE, | ) ) | |
| Respondent. | ) ) | |

## ORDER ON EXCEPTIONS TO MAGISTRATE JUDGE'S DECISION

WHEREAS:

1. On May 28, 2024, Respondent Frank Rende filed a motion for a temporary restraining order, asking this Court to intervene in and stay eviction proceedings filed in the Superior Court.[1] Also on May 28, 2024, Mr. Rende filed a motion for subrogation[2] and a motion to recuse directed at both Senior Magistrate Judge Molina and me.[3] On May 29, 2024, Mr. Rende filed a supplemental response to the accounting ordered in this case, which the Senior Magistrate Judge treated as exceptions to the accounting under Court of Chancery Rule 123.[4] That same day, Mr.

---

[1] *Debra Rende, et al. v. Frank Rende*, C.A. No. 2021-0734-SEM, Docket ("Dkt.") 187, Respondent's Motion for Temporary Restraining Order ("TRO Motion").

[2] Dkt. 188, Respondent's Motion for Subrogation ("Motion for Subrogation").

[3] Dkt. 189, Respondent's Motion to Recuse ("Motion to Recuse").

[4] Dkt. 190, Respondent's Letter, dated May 29, 2024 ("Accounting Exceptions").

Rende filed a second letter stating that he disagreed with the Senior Magistrate Judge's May 9, 2024 letter order and intended to file exceptions.[5]

2.     On June 5, 2024, Senior Magistrate Judge Molina issued a letter to counsel and Mr. Rende denying Mr. Rende's TRO Motion, addressing his Accounting Exceptions, and awarding attorneys' fees.[6] The Senior Magistrate Judge's letter also addressed some remaining items, including that Mr. Rende filed his Second May 29 Letter after the deadline to bring either exceptions or a motion for reconsideration directed towards her last order, which was entered on May 9, 2024.[7] As a result, the Senior Magistrate Judge treated the Second May 29 Letter as a request for an extension under Court of Chancery Rule 6, which was denied without prejudice because Mr. Rende had not made any showing of excusable neglect.[8]

3.     Petitioners have opposed Mr. Rende's Motion for Subrogation and Motion to Recuse, but Senior Magistrate Judge Molina has not yet issued a ruling on either motion. As a general matter, I will not address the merits of motions that have not been ruled on by the Senior Magistrate Judge in the first instance. Given its

---

[5] Dkt. 190, Respondent's Second Letter, dated May 29, 2024 ("Second May 29 Letter").

[6] Dkt. 191, Letter to Counsel and Mr. Rende from Magistrate Molina ("Letter Order").

[7] *Id.* at 6-7.

[8] *Id.* Mr. Rende has not renewed a request for extension, nor has he made any subsequent showing of excusable neglect.

potential implications for this decision, however, I will address the Motion to Recuse as it applies to me.[9]

4.      Mr. Rende filed timely exceptions to the Letter Order on June 7, 2024.[10]

5.      The parties have fully briefed the Exceptions.

6.      Oral argument on the Exceptions was held on December 18, 2024.

7.      During oral argument Mr. Rende presented the Court and Petitioners' counsel with a previously unfiled motion to vacate and motion entitled "Fraudulent

---

[9] Mr. Rende seems to ask the Senior Magistrate Judge to recuse herself on impartiality grounds: "I don't believe you are able to resist David Ferry's influence over you and your ability to be impartial in my case. I feel tremendous negative bias from your words and actions whenever you render an opinion." Motion to Recuse at 1. Although not the basis of his recusal motion as to me, Mr. Rende continues: "My point being if Vice Chancellor Cook could not withstand the pressure of Mr. Ferry's influence how I can I expect you to? I've admitted Mr. Ferry is a very charming fellow and very good at what he does." *Id.* To be clear, I obviously reject Mr. Rende's offhand assertion that I have been the subject of, or unable to resist, attorney influence in whatever manner it is Mr. Rende casually seems to suggest. During the protracted course of this litigation, Mr. Rende has levied similar accusations against his former counsel, accusing him of conspiring with opposing counsel to put on choreographed hearings and to hide evidence from Mr. Rende. As I noted in my September 25, 2023 Order on Exceptions to Magistrate's Final Report, the Office of Disciplinary Counsel dismissed Mr. Rende's complaint against his former counsel. Dkt. 150 at 4, 7-8; *see id.* at 4 n.2 (referencing counsel's citation to Del. Lawyer's R. Disciplinary Proc. 13(e)(1)); Dkt. 127, ¶ 4.

[10] Dkt. 192, Respondent's Exceptions Dated June 7, 2024 ("Exceptions"). Mr. Rende's Exceptions are not clearly directed towards any one decision of the Senior Magistrate Judge, but the Letter Order is the only decision for which exceptions would have been timely. As the Senior Magistrate Judge noted in her Letter Order, Mr. Rende's Exceptions were not timely as to any other order, and he had not (and still has not) made any showing of excusable neglect to justify an extension. Letter Order at 6-7. Accordingly, I address Mr. Rende's Exceptions as though they are directed towards the Letter Order.

Conveyance."[11] Petitioners have not had a chance to respond to these motions, and they have not been presented to the Senior Magistrate Judge in the first instance.

NOW, THEREFORE, the Court having carefully considered the briefing and oral argument on the Exceptions and the Motion to Recuse as directed to me, IT IS HEREBY ORDERED, this 28th day of February, 2025, as follows:

## I. Motion to Recuse.

1. Mr. Rende's Motion to Recuse asks me to disqualify myself from hearing this case because "Vice Chancellor Cook is a witness in my case as a result of a 3 minute colloquy on or about July 25[,] 2023."[12] Mr. Rende does not go into any further detail about this alleged "colloquy" in his Motion to Recuse, and he steadfastly refused to elaborate even in response to direct questions from the Court during oral argument.

2. "As a matter of due process, a litigant is entitled to neutrality on the part of the presiding judge but the standards governing disqualification also require the appearance of impartiality."[13] The Delaware Code of Judicial Conduct provides that "[a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned."[14] The Code provides a non-

---

[11] Dkts. 203, 204. These motions were entered on the docket by the Register in Chancery after they were presented to the Court for the first time at the December 18, 2024 hearing on the Exceptions.

[12] Motion to Recuse at 1.

[13] *Los v. Los*, 595 A.2d 381, 383 (Del. 1991).

[14] Del. Judges' Code Judicial Conduct (the "Code") Canon 2, Rule 2.11.

exhaustive list of situations justifying recusal, including when "[t]he judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," and when "[t]he judge . . . is to the judge's knowledge likely to be a material witness in the proceedings."[15]  But this Court has long recognized that "[a] trial judge has a duty to hear cases assigned to him unless some reasonable factual basis to doubt his impartiality or fairness is shown by some kind of probative evidence."[16]

3. Mr. Rende has outright refused to provide any evidentiary basis that would disqualify me from hearing this matter. I have no personal recollection of any such "colloquy" with Mr. Rende. Nor, to be clear, would I expect to speak with a *pro se* litigant about his case *ex parte* during its pendency. Absent a showing of bias or prejudice against Mr. Rende there is no basis for my recusal from this matter. Because Mr. Rende has failed to make such a showing, despite being given ample opportunity to do so, the Motion to Recuse is denied insofar as it is directed to me. The remainder of the Motion to Recuse must be addressed by Senior Magistrate Judge Molina in the first instance.

---

[15] *Id.* at Rule 2.11(A)(1), (A)(2)(d).

[16] *Matter of Will of Stotlar*, 1985 WL 4782, at *2 (Del. Ch. Dec. 19, 1985).

## II.	Exceptions to the Letter Order.

4.	The Court has reviewed the record and the Senior Magistrate Judge's determinations *de novo*.[17]  Having done so, the Court has determined it can conduct a *de novo* review without a further trial or evidentiary hearing.

5.	Mr. Rende does not tailor his Exceptions to the Senior Magistrate Judge's rulings in the Letter Order.  Instead, Mr. Rende largely renews the same arguments that he has repeatedly directed to the Senior Magistrate Judge over the course of this case.  The Exceptions also repeat many of the same arguments that I already addressed in my September 25 Order affirming the Magistrate Judge's Final Post-Trial Report.[18]  Consistent with his past practice, Mr. Rende takes exception to matters that were thoroughly resolved in earlier stages of this case, including discovery and allegations against his former counsel.

6.	"Believing the [Senior Magistrate Judge] to have dealt with the issues [] in a proper manner, and having articulated the reasons for her decision well, there is no need for me to repeat her analysis."[19]  I endorse the Senior Magistrate Judge's analysis and her conclusions.

---

[17] *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999) ("[T]he standard of review for a [magistrate judge's] findings—both factual and legal—is *de novo*.").

[18] Dkt. 150.

[19] *Blackburn v. Hooks*, 2018 WL 4643812, at *2 (Del. Ch. Sept. 26, 2018) (ORDER).

7.      After *de novo* review, I am satisfied that the Exceptions to the Senior Magistrate Judge's Letter Order should be denied, and that the Letter Order must be adopted and affirmed.

### III.    The Accounting Exceptions.

8.      I will separately, and briefly, address the concerns Mr. Rende raised during oral argument regarding the accounting he received through this action. Mr. Rende filed a supplemental response to the accounting, which the Senior Magistrate Judge treated as exceptions to the accounting under Court of Chancery Rule 123. The Senior Magistrate Judge also offered Mr. Rende the chance to present his Accounting Exceptions during an in-person hearing.[20] But Mr. Rende, seemingly unable to take "yes" for an answer as the saying goes, now insists that an accounting will not help him because this case is in a post-trial posture.

9.      An accounting is "seldom an end in itself. Rather, it is most often an intermediate judicial means by which to shape and secure some final relief."[21] Put differently, "[a]n accounting that is not followed by an opportunity to remedy alleged bad acts it reflects is useless."[22]

10.     As a general matter, one who has received an accounting can expect a reasonable opportunity to remedy alleged bad acts reflected therein, subject to

---

[20] Letter Order at 4-5.

[21] Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery*, § 2.03[b][2][v] (2024).

[22] *Matter of Estate of du Pont Dean*, 2017 WL 3189552, at *1 (Del. Ch. July 13, 2017).

applicable equitable defenses. Of course, this case has involved numerous twists and turns, to put it mildly, with Mr. Rende largely at the wheel.[23] To be sure, Mr. Rende has identified no proper basis for his latest broad-brush, and procedurally improper, request to "vacat[e] any and all past judgments on [the] record attached to this case."[24] And, to the extent Mr. Rende desires to challenge aspects of the preparation of the accounting, or thereafter to use the accounting to pursue claims he believes it reveals, his unfocused efforts to argue and re-argue virtually everything, including exceptions I decided well over a year ago, are not conducive to his goal.

## IV.    Petitioners' Request For Fee Shifting.

11.    Lastly, Petitioners request that they be awarded their attorneys' fees incurred in responding to Mr. Rende's Exceptions.[25] The Senior Magistrate Judge recently shifted fees against Mr. Rende in her letter order, dated May 9, 2024, noting that "Mr. Rende has been warned that if he continues submitting frivolous filings, I will not hesitate to shift fees under the bad faith exception to the American Rule. [] He has failed to heed that warning and his unfounded attacks continue."[26]

12.    Given the complexity (and volume) of the proceedings in front of the Senior Magistrate Judge in this action, I certainly understand the need to award fee

---

[23] For example, one might well ask whether, beyond any usual equitable defenses, concepts applicable to vexatious litigation also apply.

[24] Dkt. 197, Respondent's Opening Brief in Support of Exceptions at 3.

[25] Dkt. 198, Petitioners' Answering Brief in Opp'n to Respondent's Exceptions at 14.

[26] Dkt. 185, Letter to Counsel and Parties from Magistrate Molina to Resolve All Pending Matters at 3.

shifting to curtail further frivolous filings.  But here, where Mr. Rende's Exceptions were resolved fairly straightforwardly, I will not shift fees at this time.  Instead, I will issue the same warning Mr. Rende previously received from the Senior Magistrate Judge.  If his vexatious litigation behavior continues, I will very likely conclude that I am compelled under the applicable standard to shift fees under the bad faith exception to the American Rule.

*/s/ Nathan A. Cook*

Vice Chancellor Nathan A. Cook
